## Chronological Case History

| | | | | | |
|---|---|---|---|---|---|
| **Style** | IZEN, JOE ALFRED vs. MARKEL | | | | |
| **Case Number** | 201574639 | **Case Status** | Active - Civil | **Case Type** | Debt/Contract - Debt/Contract |
| **File Court** | 270 | **File Date** | 12/11/2015 | **Next Setting** | N/A |

| Date | Type | Description |
|---|---|---|
| 12/11/2015 | DOCUMENT | ORIGINAL PETITION **COURT:** 270 **ATTORNEY:** IZEN, JOE ALFRED JR. **PERSON FILING:** IZEN, JOE ALFRED |
| 12/11/2015 | DOCUMENT | ORIGINAL PETITION **COURT:** 270 **ATTORNEY:** IZEN, JOE ALFRED JR. **PERSON FILING:** ON POINT EVENTS L P |
| 1/5/2016 | SERVICE | **PERSON SERVED:** EVANSTON INSURANCE COMPANY (AN ILLINOIS CORPORATION) (D/B/A EVANSTON INSURANCE COMPANY) BY SERVING THE COMMISSIONER OF INSURANCE 333 GUADALUPE STREET AUSTIN TEXAS 78701-3939 FORWARD TO: **SERVICE TYPE:** CITATION (INSURANCE COMMISSION CORPORATE) **INSTRUMENT:** ORIGINAL PETITION |
| 1/5/2016 | SERVICE | **PERSON SERVED:** MARKEL SERVICE INCORPORATED BY SERVING THE COMMISSIONER OF INSURANCE 333 GUADALUPE STREET AUSTIN TEXAS 78701-3939 FORWARD: **SERVICE TYPE:** CITATION (INSURANCE COMMISSION CORPORATE) **INSTRUMENT:** ORIGINAL PETITION |
| 1/27/2016 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 270 **ATTORNEY:** CARSEY, JAMIE R. **PERSON FILING:** EVANSTON INSURANCE COMPANY, AN ILLINOIS CORPORATION (DBA EVANSTON INSU |
| 1/27/2016 | DOCUMENT | ANSWER ORIGINAL PETITION **COURT:** 270 **ATTORNEY:** CARSEY, JAMIE R. **PERSON FILING:** MARKEL SERVICE INCORPORATED |

**EXHIBIT B**

# CIVIL CASE INFORMATION SHEET

12/11/2015 11:12:02 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8210772
By: ANDERSON, SARAH A
Filed: 12/11/2015 11:12:02 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* 2015-74639 / Court: 270    COURT *(FOR CLERK USE ONLY):*

STYLED JOE ALFRED IZEN, JR. AND ON POINT EVENTS, LP. V. EVANSTON INSURANCE COMPANY, AN ILLINOIS CORPORATION D/B/A EVANSTON INSURANCE COMPANY AND MARKEL SERVICE, INCORPORATED

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Joe Alfred Izen, Jr. | Email:<br>jizen@comcast.net | Plaintiff(s)/Petitioner(s):<br><br>Joe Alfred Izen, Jr. and On Point Events, L.P. | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>5222 Spruce Street | Telephone:<br>713-668-8815 | ——— | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Bellaire, TX 77401 | Fax:<br>713-668-9402 | Defendant(s)/Respondent(s):<br><br>Evanston Insurance Company, An Illinois Corporation d/b/a Evanston Insurance Company and Markel Service, Incorporated | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature: | State Bar No:<br>10443500 | | |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☒Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>___<br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>___ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br> Liability: ___<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br> List Product:<br>___<br>☐Other Injury or Damage: | ☐Eminent Domain/<br> Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>___ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br> ☐With Children<br> ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br> Pre-indictment<br>☐Other: ___ | ☐Enforce Foreign<br> Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br> of Minority<br>☐Other: ___ | ☐Adoption/Adoption with<br> Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br> Rights<br>☐Other Parent-Child:<br>___ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br> Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: ___ | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: ___ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

12/11/2015 11:12:02 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8210772
By: Sarah Anderson
Filed: 12/11/2015 11:12:02 PM

## 2015-74639 / Court: 270

NO. _____

| | | |
|---|---|---|
| JOE ALFRED IZEN JR. AND | § | IN THE DISTRICT COURT OF |
| ON POINT EVENTS L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| AN ILLINOIS CORPORATION D/B/A | § | |
| EVANSTON INSURANCE COMPANY AND | § | |
| MARKEL SERVICE, INCORPORATED, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Joe Alfred Izen, Jr. ("IZEN") and On Point Events L.P. ("ON POINT"), hereinafter referred to as Plaintiffs, complaining of Evanston Insurance Company, an Illinois Corporation d/b/a Evanston Insurance Company ("EVANSTON"), and Markel Service, Incorporated ("MARKEL"), hereinafter referred to as Defendants, and, for cause of action against said Defendants, would respectfully show unto the Court the following:

### JURISDICTION, VENUE, AND FACTS FOR SERVICE

#### I.

1. Plaintiff, Joe Alfred Izen, Jr. is a natural person who at all times complained of herein resided in the City of Houston, County of Harris and State of Texas. Izen is licensed to practice law by the Clerk of the Texas Supreme Court.

2. Plaintiff On Point is a Texas Limited Liability Partnership with its principal place of business in this state located at: 3939 Essex Lane, Suite 100, Houston, Texas 77027. Plaintiff On Point conducted its business at the above address in the

City of Houston, the County of Harris, and State of Texas, at all times complained of herein.

3.   Defendant Evanston engages in the insurance of risks in this State on a commercial basis.  On Point Events, a client of Izen, purchased a policy of insurance issued by Evanston which provided On Point coverage for liability suits involving its business of selling travel and entertainment packages on a retail basis to a worldwide market. Evanston is registered to do business in the State of Texas with the Insurance Commission of this State. Evanston can be served with process by serving its registered agent in the State of Texas whose name and address is as follows:

> Evanston Insurance Company, an Illinois Corporation
> d/b/a Evanston Insurance Company
> Ten Parkway North
> Deerfield, Illinois 60015
> c/o the Commissioner of Insurance
> 333 Guadalupe Street
> Austin, TX  78701-3938

On information and belief Evanston maintains agents in its employ in this State who investigate claims.

4.   Markel Service, Incorporated services Evanston's obligation to pay costs of defense under its policies of liability insurance.  Markel may be served with process at:

> Markel Service, Incorporated
> Ten Parkway North
> Deerfield, Illinois 60015
> c/o the Commissioner of Insurance
> 333 Guadalupe Street
> Austin, TX  78701-3938

5.   The contractual debt(s) on which this action is based arise out of coverage of litigation costs under a policy of insurance issued by Evanston to On Point Events in Houston,

2

Texas.

6.   Plaintiffs sue for monetary recovery in excess of this Court's minimum  monetary jurisdiction.

7.   This Court has jurisdiction over this action. Venue is proper in Harris County, Texas.

### STATEMENT OF FACTS

#### II.

1.   Plaintiffs reallege all of the allegations contained in Paragraph I. as if fully set forth herein.

2.   On Point Events was sued by Grammy, a purported non profit entity in 2006.  Grammy claimed that the resale of tickets to its events  was illegal and that Grammy sold all of the tickets to its various events directly to the public and/or its members, without any tickets being made available to any resellers. Grammy sought damages from On Point Events and an injunction prohibiting On Point Events from reselling tickets to its events.

3.   On Point Events ("OPE") retained the services of Izen to represent it in the U.S. District Court for the Central District of California against Grammy.  OPE demanded coverage of litigation costs under its policy with Evanston for the Grammy California suit.

4.   At first Evanston denied all coverage. Then litigation ensued between Evanston and OPE concerning coverage.

5.   OPE was also sued by a California group of customers who purchased travel package(s) to the Olympics held in Peking China based on a claim that OPE should be forced to pay the cost

of their privately chartered jet which flew these customers to China because the Chinese government restricted the supply of tickets to the Opening Ceremonies available for resale and some customers in the California Group were unable to obtain tickets to the Opening Ceremonies.

6.   OPE also retained Izen to represent it in the litigation filed by the California Group of customers. That suit was filed against OPE in the District Court of Harris County, Texas.

7.   The litigation between OPE and Evanston over coverage was eventually settled. Under the terms of that settlement Evanston was not required to reimburse OPE for the costs of OPE's defense in the Grammy case, but agreed to pay the costs of defense in the Houston case filed by the California Group.

8.   Ultimately the Grammy case and the Houston case settled.

9.   Pursuant to Evanston's agreement with OPE to pay the costs of defense, which included attorney's fees and litigation costs, Izen submitted his bill for the services he rendered to OPE in the Houston case involving the California Group. A true and correct copy of Izen's bill submitted to Evanston for payment in conformity with the agreement between On Point Events and Evanston is attached hereto, marked Exhibit A, and is incorporated by reference.

10.   Evanston apparently submitted Exhibit A to Defendant Markel for review.   Ultimately Evanston paid Izen only $101,739.14 of Izen's bill leaving a balance owed of $35,864.47.

11.   All of the billing amount for attorney's fees and costs

4

submitted by Izen to Evanston for payment represented reasonable and necessary attorney's fees and litigation costs necessary to the representation of OPE in the Houston case litigation. All of the costs expended by OPE set out in its bill for reimbursement which On Point provided to Evanston were reasonable and necessary to the legal representation of OPE in the Houston case.

12. Plaintiffs On Point and Izen Made demand on Evanston prior to filing suit for payment of the amounts owed by Evanston for Izen's attorney's fees under its settlement agreement with On Point. Evanston failed to make any further payment despite Plaintiffs' demands. A true and correct copy of the Plaintiffs' agreement with Evanston for payment of the cost of defense, along with proof of Evanston partial payment of the amounts owed to Plaintiffs is attached hereto, marked Exhibit B, and is incorporated by reference herein.

13. Plaintiff Izen is a third party beneficiary under OPE's contract with Evanston to pay litigation costs of the Houston litigation. Defendant Markel is Evanston's Agent that denied payment.

<u>FIRST CAUSE OF ACTION -- BREACH OF CONTRACT</u>

III.

1. Plaintiffs reallege all of the allegations contained in Paragraphs I and II above as if fully set forth herein.

2. Evanston and Markel failed to comply with the settlement agreement set out in Exhibit B by failing to pay On Point and Izen the balance of the attorney's fees and/or litigation costs expended for On Point's representation in the Houston case.

3. Izen should recover judgment against Evanston for the attorney's fees and costs expended or performed for the benefit of On Point in the Houston case and litigation in the amount of $35,864.47.

4. Izen and On Point should recover a reasonable attorney's fee for the necessity of the preparation, filing, and prosecution of this case in the amount of no less than Thirty Thousand Dollars ($30,000.00).

5. Plaintiffs presented their claim for payment to Defendant Evanston more than thirty days prior to trial. Demand for payment was refused by Evanston.

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court entertain this petition, and, after full and final trial on the merits, that his Court enter a judgment: (1) Awarding Izen or OPE actual damages against Evanston and Markel for unpaid legal fees and costs which were not reimbursed, as pled for above, in the amount of $35,864.47; (2) Awarding Izen and On Point a reasonable attorney's fee against Evanston and Markel for the necessity of the preparation filing, and presentation of this case in the amount of Thirty Thousand Dollars ($30,000.00); (3) Awarding Izen and On Point all prejudgment and post judgment interest allowed by law; (4) Awarding Izen and On Point their costs of court; and (5) Awarding on Point and Izen such other and further relief, both in law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,


s/Joe Alfred Izen, Jr.
_____
Joe Alfred Izen, Jr.
Attorney for Plaintiffs
TBC # 10443500
5222 Spruce Street
Bellaire, Texas   77401
(713) 668-8815
(713) 668-9402 FAX
jizen@comcast.net

IZENEVAN.OP/TK477

2015-74639 / Court: 270

# EXHIBIT A

**JOE ALFRED IZEN, JR.**
**IZEN & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

5222 SPRUCE STREET - BELLAIRE, TEXAS 77401
(713) 668-8815 Telephone / (713) 668-9402 Fax

April 14, 2011

Ms. Sarah Johnston Couillard          Via email
Claims Examiner                       scouillard@markelcorp.com
Markel Service, Incorporated
Ten Parkway North, Suite 100
Deerfield, IL 60015-2544

RE:  Insured:     On Point Events, L.P.
     Claimants:   David Horowitz, Et Al
     Policy No.:  EO-835488
     Claim No.:   EO-250821
     Lawsuit:     Cause No. 2008-57883; Horowitz, Et Al, v. On
                  Point Holdings, L.L.C., Et Al, 129th Judicial
                  District Court of Harris County, Texas

Dear Ms. Couillard:

    As requested, enclosed please find my billing for the above-referenced matter.  The billing is broken down as follows:

    958  attorney hours @$300.00 (reduced by 50% to
    reflect agreed hourly rate of $150)          =$143,709.00
    40.91 paralegal hours @$50.00                =  2,045.50
    Costs and expenses                           =  4,349.11
                                                 $150,103.61
    Minus Payments from client                   - 12,500.00
                                                 $137,603.61

    Part of the reimbursement owed to On Point is the $2,618.35
Court Reporter's fee. We paid the Court Reporter and On Point
paid us when we requested reimbursement.  Thus the $2,618.35 paid
the Court Reporter is not part of the above figure "Payments from
Client."

    If you have any comments or questions, please do not hesitate to contact me.

                        Sincerely,

                        Joe Alfred Izen, Jr.

JAI:kc
cc:  Marc Wojciechowski - via email
     Philippe Tanguy - via email
TANGUYOP.L/TK439

BELL AND ASSOCIATES, P.C.
5222 SPRUCE STREET
BELLAIRE, TEXAS  77401
(713) 668-8815

April 14, 2011

Invoice submitted to:

Philippe Tanguy
On Point Sports
3939 Essex Lane, Suite 100
Houston, TX 77027

In Reference To: Freeman - Olympic tickets
                 Evanston Claim No.  EO250821

Invoice # 12068

### Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| 8/9/2008 | Researching and Preparation of suggested waiver form providing for refund of sales price and release of damages for failure to provide Olympic tickets, composing and drafting  same and forwarding same to client for use. | 2.67 | 800.00 |
| 8/10/2008 | Composing and sending  email to client re Texas Attorney General's release concerning sale of Olympic tickets and addressing client concern over suit for inability to deliver Olympic tickets. | 0.75 | 225.00 |
| 8/11/2008 | Review  of client's email / letter describing tort lawyer's Moriarty's efforts to drum up class action business, for his own enrichment, based on non-delivery of Olympic tickets, study of sources at Attorney General's information release concerning Deceptive Trade Practice Act prosecution threats. Brief review of internet libel laws. | 2.50 | 750.00 |
|  | Forwarding of email of settlement / waiver form for rework. | 0.33 | 100.00 |
|  | Composing and sending email to client with  template for settlement / refund / waiver, and forwarding same to client. | 0.33 | 100.00 |
|  | Review and analysis of email from Ticket Solutions forwarded to JAI by On Point, drafting and sending email / letter to client providing advice on how to proceed with the presentation of the settlement / waiver form. | 2.25 | 675.00 |
|  | Second send of reworked form by email to client. | 0.25 | 75.00 |
|  | Resend - and explanation of settlement / waiver form, providing instructions to client in email / letter. | 0.33 | 100.00 |

Philippe Tanguy                                                                Page      2

| | | Hours | Amount |
|---|---|---|---|
| 8/12/2008 | Legal research re effect of acceptance of further benefits after complaints of fraud in performance of contract / information requested by client. | 4.25 | 1,275.00 |
| | Review and analysis of Tanguy email dated 8/14/2008 requesting whereabouts of documents to be forwarded by email. | 0.25 | 75.00 |
| 8/13/2008 | Telephone conference with client concerning actions of Horowitz, Freeman, and other On Point clients indicating intention to sue.  Explanations of client's potential liability for damages and waiver of claimed fraud damages by continuation of fraud contract and acceptance of benefits. | 0.75 | 225.00 |
| 8/14/2008 | Sending email to P. Tanguy informing him of completion of forms and intent to forward. | 0.25 | 75.00 |
| | Redrafting of a specific settlement form to be sent to clients (Horowitz, Freeman, etc)  for use on site upon payment of refund and settlement with client, and forwarding same to P. Tanguy in China. | 2.25 | 675.00 |
| | Composing and Sending email letter of instruction to client, forwarding settlement waiver forms redrafted with inclusions requested by client. | 0.75 | 225.00 |
| 8/15/2008 | Composing and sending additional email to P. Tanguy re 3 form letters, instructions concerning form to Ticket Solutions. | 0.25 | 75.00 |
| | ReSend of redrafted forms, with additions requested by client, by email with instructions. | 0.50 | 150.00 |
| | Review and analysis of P. Tanguy email dated 8/15/2008 requesting instructions, typing email providing instructions concerning Ticket Solutions. | 0.33 | 100.00 |
| | Review and analysis of Tanguy email dated 8/15/2008 concerning further efforts to settle with Horowitz and Freeman, response to Tanguy email and drafting and sending email letter with instructions. | 1.00 | 300.00 |
| 8/16/2008 | Sending email to P. Tanguy to set up phone conference. | 0.25 | 75.00 |
| | Telephone conference with client re events in China and followup on settlement forms. | 0.67 | 200.00 |
| 8/18/2008 | Reforwarding email of 8/17/2008 to obtain client confirmation of receipt. | 0.25 | 75.00 |
| | Composing , drafting and sending email to client containing  further settlement instructions and inclusion in email to P. Tanguy -- stating specific language in email to be inserted and description of settlement methodology. Review of Tanguy email containing suggestions dated 8/18/2008. | 1.00 | 300.00 |
| 8/19/2008 | Composing and sending short email to P. Tanguy following up other emails and transmission of forms. | 0.25 | 75.00 |

Philippe Tanguy

Page   3

| | | Hours | Amount |
|---|---|---|---|
| 8/19/2008 | Composing and sending email to client describing position of Ticket Solutions with respect to settlement with Freeman / Horowitz and On Point clients for non-delivery of tickets. | 0.67 | 200.00 |
| | Composing, drafting ,and sending, email to client with further instructions re settlement funds to be used to provide refunds to Horowitz/ Freeman and other clients. Review of client's attached email and email thread. | 0.50 | 150.00 |
| | Drafting and Sending email to client re JAI contact with Ticket Solutions, explanation of suggested followup. | 0.25 | 75.00 |
| 8/20/2008 | Sending brief email to client with follow up and brief review of client's email. | 0.25 | 75.00 |
| | Sending email to client re update of status and continuing correspondence with Ticket Solutions re settlement with Freeman / Horowitz and other clients. | 0.33 | 100.00 |
| 8/22/2008 | Review of P. Tanguy email dated 8/20/2008, drafting and sending email to P. Tanguy re contact with Jeff Bratton at Ticket Solutions.  Obtaining monies to forward settlement offer to Horowitz / Freeman and other clients. | 0.33 | 100.00 |
| 8/26/2008 | Composing, drafting and sending ;email to P. Tanguy re reaction to Freeman threats to sue.  Prediction that misrepresentations will be invented in an effort to circumvent the contract(s) for services all the Freeman group signed.  Further advice in continuing to deal with Freeman / Horowitz.  In response to Tanguy email dated 8/26/2008 forwarded 8/26/2008 email from Douglas K. Freeman. | 1.00 | 300.00 |
| | Composing and forwarding of JAI analysis of Freeman lawsuit threats and other emails to John Leggett, On Point Member. | 0.75 | 225.00 |
| 9/8/2008 | Review, filing and analysis of P. Tanguy letter re contact with Freeman. | 0.50 | 150.00 |
| 9/11/2008 | Review and analysis of Freeman demand letter dated 9/10/2008.  Initial study of legal theories on which Freeman and his "group" based claims of liability as well as purported proof of damages such as private jet charter. | 3.75 | 1,125.00 |
| 9/13/2008 | Preparation for phone conference with Douglas Freeman re Freeman-Horowitz Demand for Settlement.  Study of contracts.  Analysis of various "representations" in faxes. | 1.67 | 500.00 |
| 9/25/2008 | Sending short  email to P. Tanguy setting up conference concerning Freeman demand letter. | 0.25 | 75.00 |
| 10/21/2008 | Preparing draft of letter to David Kravit, Esq. rejecting Freeman's and his Group's exorbitant claims for tort damages, forwarding same to Kravit. | 1.50 | 450.00 |

Philippe Tanguy                                                                          Page      4

|            |                                                                                                                                                                                              | Hours | Amount   |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| 10/22/2008 | Preparation for, review and segregation of documents to be covered; and telephone conference with client re deceptive trade practice letter, filing of suit, service of suit, necessity to file an answer | 3.00  | 900.00   |
|            | Forwarding settlement tender letter to Freeman by email.                                                                                                                                      | 0.25  | 75.00    |
| 10/23/2008 | Preparation of draft of letter to David W. Krivet re responses to letter dated 9-10-08, and Sending letter to Tanguy for approval re Freeman's intent to file suit and return settlement checks already forwarded to members of "the group" and refusal to reconsider. | 2.67  | 800.00   |
| 10/25/2008 | Drafting and Sending brief email to P. Tanguy for purposes of setting up a further conference with client concerning legal strategy to defend Freeman and his group's claims.                  | 0.33  | 100.00   |
| 11/1/2008  | Review, filing and analysis of Plaintiffs' Original Petition, analyzing Plaintiffs' claims for purposes of drafting and filing Original Answer.                                                | 5.00  | 1,500.00 |
| 11/2/2008  | Drafting, reviewing, finalizing, forwarding for filing Defendants Original Answer.                                                                                                            | 4.50  | 1,350.00 |
| 11/3/2008  | Telephone conference with Moriarity Office re effort at settling.                                                                                                                             | 0.33  | 100.00   |
|            | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Original Answer with affirmative defenses.                                                                              | 0.75  | 37.50    |
| 11/8/2008  | Telephone conference with Moriarty's office re effort at settlement.                                                                                                                          | 0.33  | 100.00   |
| 11/15/2008 | Review, filing and analysis of Plaintiffs' First Amended Petition - comparison of Plaintiffs' Original Petition with First Amended Petition -- concern re potential addition of tort claims (deceptive trade practice, fraud, misrepresentation, negligence) to contract claim. | 6.00  | 1,800.00 |
| 12/13/2008 | Review, filing and analysis of discovery (requests for production, and interrogatories ) submitted by Plaintiffs to Defendants, On Point Events, On Point Holdings, and Philippe Tanguy, with service of citation. | 3.75  | 1,125.00 |
|            | Drafting, reviewing, and finalizing and forwarding Defendants' Motion for Enlargement of Time Within Which to File Answers and Responses to Discovery and letter to Clerk.                     | 3.50  | 1,050.00 |
| 1/8/2009   | Initial research re client list as trade secret; Conference with client re trade secret privilege and basis for asserting trade secret privilege as to On Point, LP's list of clients.        | 4.25  | 1,275.00 |
| 1/12/2009  | Preparation of initial draft advice for discovery responses and answers, forwarding to client for use in answering same.                                                                      | 2.75  | 825.00   |

Philippe Tanguy                                                                    Page      5

|  | | Hours | Amount |
|---|---|---|---|
| 1/13/2009 | Review, filing and analysis of clients' suggested responses to outstanding written discovery. | 4.50 | 1,350.00 |
| 1/14/2009 | Review and analysis of client's email dated 1/14/2009; legal research re: effect of misnomer on discovery obligations of misnamed Defendant; response to client by email re concerning receipt of discovery on On Point Events (which is not named as Defendant in case by Plaintiffs). Discussion of discovery goals. | 3.67 | 1,100.00 |
| | Dictating, drafting preparing, reviewing, finalizing, responses to Plaintiffs' First Sets of Written Discovery | 6.75 | 2,025.00 |
| | Review and analysis of client's additional email dated 1/14/2009. Providing email explanation to client re significance of terms and conditions in contract in light of Plaintiffs' claims. | 0.33 | 100.00 |
| | Review and analysis of client's second email dated 1/14/2009. Research file of On Point documents concerning proper named parties re discovery. Providing email explanation to client concerning significance of suit against On Point Sports -- the assumed name of On Point Events. | 0.67 | 200.00 |
| 1/15/2009 | Drafting, preparing, finalizing, and submitting Defendants' Certificate of Completion of Written Discovery. | 0.75 | 225.00 |
| 1/20/2009 | Review, posting to file and analysis of and reformulating service instructions re notice of change of address filed 1-21-2009. | 0.50 | 150.00 |
| | Review, analysis of and posting to file Notice(s) of Intention to Take Deposition by Written Questions filed by Plaintiffs. | 0.50 | 150.00 |
| 1/23/2009 | Review, posting to file and analysis of official receipt dated 1-21-2009. | 0.25 | 75.00 |
| 2/3/2009 | Drafting and finalizing letter to H. Greene re scheduling depositions of Philippe Tanguy and other unnamed Defendants. | 1.25 | 375.00 |
| 2/5/2009 | Review and analysis of client's email dated 2/5/2009 concerning Plaintiffs' request for depositions. Response to client by email. | 0.33 | 100.00 |
| | Review and analysis of confirmation emails from client re deposition dates for March 5, and 6, 2009. Preparing and sending email to client to firm up dates for depositions requested by Plaintiffs. Review of client's email dated 2/4/2009 confirming dates client is available for depositions during February, 2009 (6, 9, 10, 17, and 18). | 0.75 | 225.00 |
| | Review and analysis of P. Tanguy email acknowledging receipt of previous emails concerning Plaintiffs' request for depositions. | 0.25 | 75.00 |

Philippe Tanguy                                                                    Page      6

|  |  | Hours | Amount |
|---|---|---|---|
| 2/6/2009 | Dictating, revising, drafting, and serving letter to Hilary Greene offering Defendants for deposition on specific dates. | 1.25 | 375.00 |
| 2/17/2009 | Review and analysis of client email re necessity of obtaining summary judgment affidavit from Fuentes. | 0.25 | 75.00 |
| 2/24/2009 | Review and analysis of client email re Ticket Master / Ticket Solution merger / effect on industry and Ticket Solutions as possible third party defendant. | 0.25 | 75.00 |
| 3/17/2009 | Legal research of admissibility of tape recorded telephone conversations where only one party consents to the recording under California State law and Texas law. | 4.50 | 1,350.00 |
| 3/18/2009 | Review and analysis of client's email requesting Horowitz affidavit prepared for Fuentes.  Email to client explaining pit falls of deposition / telephone recording of conversations between California and Texas and admissibility. Review of law with client Tanguy relating to admissibility of one party's surreptitious telephone recordings in the State of Texas and the State of California.  Clarification of situs of call.  U.S. situs of reception and recording. | 1.75 | 525.00 |
| 3/19/2009 | Review and analysis of Tanguy response to JAI email dated 3/18/2009; providing details of Fuentes knowledge to be included in the affidavit. | 0.33 | 100.00 |
| 3/27/2009 | Review, filing and analysis of Greene request for scheduling of depositions in April. | 0.25 | 75.00 |
| 4/13/2009 | Drafting and finalizing letter to Hilary Greene re request for scheduling of depositions - Paralegal time - KC | 0.75 | 37.50 |
| 4/28/2009 | Drafting and finalizing letter to Hilary Greene re requesting available dates for depositions. | 0.75 | 37.50 |
| 5/10/2009 | Initial Office conference with client Philippe Tanguy and Fidencio Fuentes concerning oral depositions scheduled by Plaintiffs. | 4.50 | 1,350.00 |
|  | Review, analysis , and posting to file scheduled dates, etc. Court's first Docket Control / Pretrial Order filed 5-8-2009. | 1.00 | 300.00 |
| 5/11/2009 | Review, and analysis of documents, preparation for oral depositions of Fidencio Fuentes and Philippe Tanguy. | 4.50 | 1,350.00 |
| 5/13/2009 | Trip to and appearance at oral depositions of Fidencio Fuentes and Philippe Tanguy.  Post-deposition discussion with client. | 10.00 | 3,000.00 |
| 5/20/2009 | Review and analysis of client's email dated 5/20/2009 transmitting deposition documents. | 0.25 | 75.00 |

Philippe Tanguy                                                                                  Page      7

|            |                                                                                                                                                                                              | Hours | Amount   |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| 5/21/2009  | Review and analysis of Plaintiffs' documents introduced into evidence at Tanguy's and Fuentes' depositions, analysis of alleged misrepresentations and foreseeable damages connected with them, reviewing the documents forwarded by client by email. | 8.00  | 2,400.00 |
| 6/7/2009   | Post-deposition legal research; burden of proof on Plaintiffs to prove "knowing" violation of DTPA?  Effect on damages.                                                                        | 6.25  | 1,875.00 |
| 6/8/2009   | Composing and sending JAI email to client / explaining status of the evidence in the Plaintiffs' case.  Evidence needed by Plaintiffs in order to prove knowing violation under the Deceptive Trade Practices Act. | 0.33  | 100.00   |
|            | Review and analysis of email from P. Tanguy re errors in deposition transcript and inquiring whether Fuentes should provide an affidavit in light of responses given in deposition.            | 0.25  | 75.00    |
|            | Review and analysis of client's questions concerning contract liability vs. tort and client's question, "Does a breach of contract claim still go to trial if Plaintiffs can not prove a 'knowing' violation.?" | 0.25  | 75.00    |
|            | Review and analysis of P. Tanguy's brief email requesting copy of the dismissal opinion of Judge Hoyt in Moriarty v. Road Trips and also requesting forwarding of original depositions.        | 0.25  | 75.00    |
| 6/9/2009   | Composing and sending email  to client confirming plans to scan, circulate, and file depositions.                                                                                             | 0.25  | 75.00    |
|            | Review and analysis of research for purposes of answering client's question in 6/8/2009 email.  Effect of possible dismissal of tort claims on breach of contract suit.                        | 0.67  | 200.00   |
|            | Review and analysis of client's email dated 6/9/2009 stating that depositions will be scanned and sent over for filing.                                                                        | 0.25  | 75.00    |
| 7/7/2009   | Review and analysis of Plaintiff's Second Requests for Production for purposes of Response.  Review of file and production responses already made and documents produced.                       | 1.25  | 375.00   |
| 7/10/2009  | Review and analysis of client's response to email concerning request for production demands by Plaintiffs / Plaintiffs demanding a list of clients, etc.                                       | 0.25  | 75.00    |
|            | Review  of client Tanguy's email concerning Roadtrips case.  Study of link provided by client to trace down opinion.  Pursuit of link and various links to link.                               | 2.33  | 700.00   |
| 8/6/2009   | Drafting and finalizing letter to Clerk re Certificate of Discovery ,  Certificate of Discovery itself and  Requests for Production to On Point Events.                                         | 2.75  | 825.00   |

Philippe Tanguy

Page      8

| | | Hours | Amount |
|---|---|---|---|
| 8/22/2009 | Review, filing and analysis of cover letter and reporter's certificate of deposition of Fidencio Fuentes. | 0.50 | 150.00 |
| 9/21/2009 | Review and analysis of client email re discovery concerns / Plaintiffs' effort to obtain client list for purposes of solicitation. | 0.25 | 75.00 |
| 10/2/2009 | Review and analysis of email from client P. Tanguy requesting email transmission of Roadtrips decision. | 0.25 | 75.00 |
| 10/8/2009 | Review and analysis of P. Tanguy's email to Russ Linmark at Ticket Solutions and Russ' Linmark's email to P. Tanguy re Plaintiffs' discovery demands and assistance from Ticket Solutions. | 0.67 | 200.00 |
| 10/13/2009 | Forwarding of scanned Motion to Compel Discovery to P. Tanguy. | 0.33 | 100.00 |
| | Review and analysis of a thread of emails between client P. Tanguy and Ticket Solutions re Plaintiffs' third party subpoena filed in Kansas seeking production of On Point client information and Olympic ticket sales from Ticket Solutions. | 0.67 | 200.00 |
| 10/14/2009 | Review and analysis of Hilary Greene's letter dated 10/13/2009 demanding further discovery and threatening Motion to Compel. | 0.33 | 100.00 |
| 10/23/2009 | Legal research; proper method to protect trade secrets by tender for review in camera under Texas Rules of Civil Procedure. | 3.50 | 1,050.00 |
| | Review and analysis of P. Tanguy's email in response to JAI's 10/25/2009 email. | 0.25 | 75.00 |
| 10/24/2009 | Review, filing and analysis of Plaintiffs' Motion to Compel for Purposes of Response / review of five attached exhibits. | 6.00 | 1,800.00 |
| 10/25/2009 | Composing and Sending email to client requesting a hearing date at which P. Tanguy can attend for Plaintiffs' discovery hearing. | 0.33 | 100.00 |
| | Composing and Sending email to P. Tanguy with instructions re signing and return of client Affidavits for Motion for Summary Judgment, claim to trade secret privilege and opposition to Motion to Compel Production of items Ticket Solutions did not provide. | 0.67 | 200.00 |
| 10/27/2009 | Drafting and finalizing letter to Moriarity re Notice of Izen court trial conflict with hearing set for 11-9-09 and giving other dates for same - Paralegal Time - KC. | 0.75 | 37.50 |
| 10/29/2009 | Composing and sending further response to client P. Tanguy by email re obtaining copy of Roadtrips decision that Moriarty lost in front of Judge Hoyt and did not appeal.  Request for affidavit of facts concerning dealings with | 0.67 | 200.00 |

Philippe Tanguy                                                                                    Page        9

|            |                                                                                                              | Hours | Amount   |
|------------|--------------------------------------------------------------------------------------------------------------|-------|----------|
|            | Plaintiffs the services Plaintiffs accepted in China even though they are suing for all their money back, etc. |       |          |
| 10/29/2009 | Review and analysis of client Tanguy's response to first JAI email re hearing date on Plaintiffs' Motion to Compel. | 0.25 | 75.00 |
| 10/30/2009 | Review and analysis of client Tanguy's response to last JAI email dated 10/29/2009. | 0.25 | 75.00 |
| 11/2/2009 | Preparation of initial draft of Philippe Tanguy Affidavit in support of Motion for Summary Judgment for client to review, compiling exhibits. | 4.75 | 1,425.00 |
|            | Review, filing and analysis of Plaintiffs' First Designation of Experts / analysis of the "expected testimony" of Plaintiff's expert for purposes of retaining a defense expert. | 1.25 | 375.00 |
|            | Email forwarding scanned Connelly v. Roadtrips decision to client. | 0.33 | 100.00 |
| 11/3/2009 | Review and analysis of client Tanguy email dated 11/3/2009 offering suggestions re use of Roadtrips decision in the defense of the case. | 0.33 | 100.00 |
| 11/8/2009 | Review and analysis of Roadtrips decision by Judge Hoyt and  marking of all applicable case authority. | 3.50 | 1,050.00 |
| 11/9/2009 | Cross-indexing and Review  of all  authorities cited by Judge Hoyt. | 6.00 | 1,800.00 |
| 11/10/2009 | Further Legal research concerning trade secret privilege and right to protect list of clients from production in discovery and from potential misuse by Plaintiff trial lawyers. | 7.50 | 2,250.00 |
| 11/11/2009 | Additional Legal research re  injunction, protective order, and other modes of protection the Court is required to utilize in protecting trade secret privilege and documentation and proof necessary to establish entitlement to privilege | 3.67 | 1,100.00 |
| 11/14/2009 | Compiling exhibits for motion to compel  and response to Plaintiffs Motion to Compel from Defendants. | 2.25 | 675.00 |
| 11/16/2009 | Trip to and appearance at hearing on Plaintiffs' Motion to Compel. | 5.00 | 1,500.00 |
|            | Scanning and forwarding Kansas Journal entry in which Plaintiffs are denied most of the discovery sought by the Kansas subpoena. | 0.25 | 75.00 |
|            | Hand delivery of response to Hilary Greene. | 0.50 | 150.00 |
|            | Drafting, Preparation, final review and submission for filing of Defendants Response and Objection to Plaintiff's Motion to Compel with 3 exhibits. | 5.50 | 1,650.00 |

Philippe Tanguy                                                          Page      10

|            |                                                                                                                                                                                                              | Hours | Amount   |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| 11/16/2009 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Opposition to Motion to Compel with Exhibits A, B, and C.                                                                                | 1.00  | 50.00    |
| 11/17/2009 | Review and analysis of Kansas Court Journal entry order. Comparing discovery sought from Ticket Solutions by Plaintiffs and denied with discovery sought by Plaintiffs against Defendants On Point and Tanguy; Noting Plaintiffs' failure to appeal Kansas decision. | 2.50  | 750.00   |
| 11/25/2009 | Review, filing and analysis of proposed Order on Plaintiffs Motion to Compel.                                                                                                                                 | 0.25  | 75.00    |
| 11/30/2009 | Dictating, drafting preparing, and forwarding to the Court for filing Proof of Filing of Notice of In Camera Tender of Documents for Determination of Privilege with Court personnel.                          | 1.50  | 450.00   |
|            | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Privilege Log Response with Privilege Log.                                                                                               | 0.75  | 37.50    |
|            | Drafting, review, preparation and submission of Notice of In Camera Tender of Documents for Determination of Privilege and effort to protect Defendants' client list as trade secret with order.               | 8.00  | 2,400.00 |
| 12/2/2009  | Composing, drafting, and finalizing letter to Clerk re Defendants' Designation of Expert Witness, Joe A. Izen, Jr. and CV.                                                                                    | 1.75  | 525.00   |
| 12/4/2009  | Telephone conference with client re designation of Defendants' Expert Witnesses, review of Trial theories, and discussion of necessity of expert testimony to rebut Plaintiff's claims of damages and liability in the case. | 4.75  | 1,425.00 |
| 12/5/2009  | Review, and posting to file of Trial Preparation Order Signed by Court.                                                                                                                                       | 0.75  | 225.00   |
|            | Review, filing and analysis, Trial Court's setting reminder, notating setting and docketing on calendar.                                                                                                      | 0.33  | 100.00   |
|            | Further Telephone conferences with client re retention of expert witnesses.                                                                                                                                   | 0.75  | 225.00   |
| 12/7/2009  | Dictating, drafting preparing,   and reviewing for submission and filing, mailing, Defendants' Designation of Expert Witnesses                                                                                 | 4.67  | 1,400.00 |
|            | Review, analysis and posting to file Plaintiffs' Response to Defendants' Notice of Tender of In Camera Documents.  Initial review                                                                              | 1.75  | 525.00   |
| 12/8/2009  | Further Legal research re Plaintiffs objection to protection of client list and trade secret Plaintiffs' alternative proposal of a protective order; legality of clause allowing Plaintiffs to use evidence On Point discloses in other cases. | 5.50  | 1,650.00 |
| 12/9/2009  | Initial Legal research for Defendants' Motion for Summary Judgment, law pertaining to disclaimers, and effect of disclaimers on Deceptive Trade Practice Actions.                                              | 6.75  | 2,025.00 |

| Philippe Tanguy | Page | 11 |
|---|---|---|
| | Hours | Amount |

| | | Hours | Amount |
|---|---|---|---|
| 12/10/2009 | Legal research for preparation of summary judgment and trial preparation; Legal effect of clauses in contract shifting risk of loss due to acts of God or unforeseen circumstances onto one party or another; case law pertaining to travel insurance for flight cancellations, event cancellations, etc. | 8.00 | 2,400.00 |
| 12/11/2009 | Review and analysis and compiling of ticket purchase contracts sent by client in PDF form. | 2.50 | 750.00 |
| | Review and analysis of Tanguy email forwarding ticket purchase contracts on Freeman case. | 0.25 | 75.00 |
| 12/12/2009 | Legal research re foreseeability of damages in deceptive trade practice actions as related to the travel industry; foreseeability of private jet charge liability, etc. | 7.67 | 2,300.00 |
| | Review and analysis of secretary's email downloading ticket purchase agreement pages for purposes of completing Tanguy Motion for Summary Judgment. | 0.33 | 100.00 |
| 12/13/2009 | Review and analysis of Judge's order referring case to mediation; close study based on anticipation Plaintiffs will violate order by not making physical appearance. | 1.25 | 375.00 |
| 12/14/2009 | Obtaining certified admissible copy of Roadtrips decision involving plaintiff tort lawyer Moriarty and US District Judge Kenneth Hoyt, and roundtrip travel to courthouse, questioning District Clerk, further reviewing docket sheet. | 5.75 | 1,725.00 |
| 12/15/2009 | Review, and analysis of Judge Hoyt's citations in Roadtrips opinion; then legal research concerning necessity of misrepresentation of preexisting fact in order to support liability for misrepresentation; shifting of contractual risk onto one party or another. | 6.50 | 1,950.00 |
| 12/16/2009 | Review, and analysis of citations prohibiting casting breach of contract as tort action for purposes of summary judgment. | 7.25 | 2,175.00 |
| 12/17/2009 | Initial drafting and preparation of Defendants Traditional Motion for Summary Judgment and Revised Affidavit of Philippe Tanguy addressing aditional legal theories raised by Plaintiffs. | 8.50 | 2,550.00 |
| 12/18/2009 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Motion for Summary Judgment with Exhibits and Tanguy Affidavit with exhibits. | 1.50 | 75.00 |
| | Finalizing draft of Motion for Summary Judgment with Philippe Tanguy's Affidavit and forwarding for filing. | 6.00 | 1,800.00 |
| | Preparation of letter to Mediatior Gerald Birnberg requesting him to reschedule mediation from 8:30 a.m. to 9:00 a.m. on 12/21/09. | 0.50 | 150.00 |

| Philippe Tanguy | | Page | 12 |
|---|---|---|---|
| | | Hours | Amount |
| 12/19/2009 | Composing and sending email to client Tanguy forwarding Plaintiffs' Second Motion to Compel for clients' comments. | 0.25 | 75.00 |
| | Review and analysis of email forwarding Plaintiff's Second Motion to Compel. | 0.75 | 225.00 |
| 12/20/2009 | Review and analysis of Plaintiffs' Second Motion to Compel for purposes of Determining Response; research concerning validity of Plaintiffs' arguments. | 3.25 | 975.00 |
| | Composing and sending email to P. Tanguy requesting reading and approval by client of proposed First Amended Answer. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email to JAI complaining re Plaintiffs' demand for production of all On Point emails pertaining to Chinese Olympics. | 0.33 | 100.00 |
| | Review and analysis of P. Tanguy's fax re Plaintiffs' Second Motion to Compel Production. | 0.25 | 75.00 |
| 12/28/2009 | Review and analysis of client email dated 12/28/2009 re date Motion for Summary Judgment will be filed. | 0.25 | 75.00 |
| | Sending email to client P. Tanguy explaining plans to file Motion for Summary Judgment and informing him  Court has not yet ruled on trade secret privilege. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email to JAI requesting one change in Paragraph 10 of First Amended Answer. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email to JAI asking on what date Motion for Summary Judgment will be filed against Plaintiffs. | 0.25 | 75.00 |
| 12/30/2009 | Dictating, drafting preparing,  forwarding etc First Amended Answer. | 3.50 | 1,050.00 |
| | Paralegal Time - KC - Scanning and efiling with the Court Defendants'  First Amended Answer. | 0.75 | 37.50 |
| 1/6/2010 | Analysis of file and pending motions; preparation of Attorney's First Report to Marc Wojciechowski for Evanston Insurance as requested. | 10.00 | 3,000.00 |
| 1/8/2010 | Drafting, and finalizing, Defendants' Motion to Strike Second Amended Petition, Motion for Continuance;  Plaintiffs' oppose Defendants' motion and are filing their own Motion. | 4.50 | 1,350.00 |
| 1/9/2010 | Review of Plaintiffs' Objection and Response to Defendants' Motion to Strike Second Amended Petition and Motion for  Continuance. | 2.75 | 825.00 |
| 1/10/2010 | Scanning and efiling with the Court  Defendants'  Motion for Sanctions for Failure to Attend Mediation. Paralegal time - KC | 0.67 | 33.33 |

Philippe Tanguy

Page  13

| | | Hours | Amount |
|---|---|---|---|
| 1/11/2010 | Drafting and finalizing letter to Marc Wojciechowski re forwarding of documents , Statement of Intention, and "Request for Position." | 0.50 | 150.00 |
| | Review and analysis of email from client re client's input into Motion for Sanctions for failure to attend mediation. | 0.50 | 150.00 |
| | Faxing proposed Motion for Sanctions for Failure to Attend Deposition to P. Tanguy and Marc Wojciechowski. Paralegal time - KC | 0.25 | 12.50 |
| | Researching and preparing Motion for Sanctions for Failure to Attend Mediation. | 5.75 | 1,725.00 |
| | Composing and sending lengthy email to Hilary Greene setting out scheduling conflicts between JAI's and P. Tanguy's schedule and potential trial settings. | 0.75 | 225.00 |
| | Preparation and faxing letter to Hilary Greene re Plaintiffs' Motion For Continuance, Defendants' Motion for Continuance, and Defendants' position and need for more time for discovery of at least 60 days on Plaintiffs' Motion for Continuance. | 0.75 | 225.00 |
| | Composing and sending email to P. Tanguy requesting his scheduling conflicts with potential trial date. | 0.25 | 75.00 |
| 1/12/2010 | Taking messages from Hillary Greene re resetting of trial. | 0.33 | 100.00 |
| | Review and analysis of client's email providing potential trial dates. | 0.25 | 75.00 |
| 1/13/2010 | Review and analysis of Hilary Greene email requesting June 21, 2010 as trial setting. | 0.25 | 75.00 |
| | Composing and sending email to Hilary Greene setting out client Tanguy's conflicting schedule with suggested trial date. | 0.25 | 75.00 |
| | Review and analysis of email from H. Greene stating that July 2010 "does not work for our clients" for trial dates. | 0.25 | 75.00 |
| | Review and analysis of client's email after receipt of JAI email stating that Plaintiffs decline July, 2010 as a date for trial, composing email forwarding H. Greene email to client. | 0.25 | 75.00 |
| | Sending email to P. Tanguy confirming that Plaintiffs have rejected July 2010. | 0.25 | 75.00 |
| | Review and analysis of client P. Tanguy email stating that he can not afford to cut short his supervision of the World Cup program in order to fly back to deal with the Plaintiffs. He must await termination of the World Cup. | 0.25 | 75.00 |

Philippe Tanguy

Page 14

| | | Hours | Amount |
|---|---|---|---|
| 1/13/2010 | Composing and sending email response to P. Tanguy informing Tanguy "we will fight for a trial date after July 17, 2010 when Tanguy is able to return from the World Cup." | 0.25 | 75.00 |
| 1/14/2010 | Review and analysis of H. Greene email requesting JAI to get back with her as soon as possible because she has talked to Trial Coordinator about June 21, setting. | 0.25 | 75.00 |
| | Composing and sending email to H. Greene informing her that On Point can not do the trial during June, 2010 because of Tanguy's necessary absence to S. Africa for the World Cup.   Informing Greene that unless Plaintiffs will agree to a date in August, Defendants will have to argue the trial date to the Judge. | 0.25 | 75.00 |
| 1/15/2010 | Composing and sending email to H. Greene explaining Court Coordinator's position on trial setting.  Any preferential setting has to be set by motion and asking what date in August the Plaintiffs wanted to set the trial. | 0.33 | 100.00 |
| | Review and analysis of H. Greene email dated 1/15/2010 claiming Plaintiffs want to go forward for a May setting without a preferential trial setting. | 0.25 | 75.00 |
| | Review and analysis of H. Greene email requesting a call to discuss setting a trial date in light of JAI email dated 1/14/2010. | 0.25 | 75.00 |
| 1/17/2010 | Review, and analysis of Plaintiffs Second Motion for Continuance, to Modify the Docket Control Order, and request for a preferential trial setting, and posting same to file. | 1.25 | 375.00 |
| 1/23/2010 | Review and analysis of order signed granting trial continuance and posting same to file. | 0.25 | 75.00 |
| 1/26/2010 | Review and analysis of  Notice of Hearing dated 1-25-2010 and posting same to file | 0.25 | 75.00 |
| 2/1/2010 | Legal research - consequences for failure to personally attend mediation as ordered by District Court | 5.75 | 1,725.00 |
| 2/3/2010 | Sending email to P. Tanguy explaining necessity to provide insurance coverage counsel  Wojciechowski with information concerning status of settlement tender made to Plaintiffs prior to filing of suit and whereabouts of funds. | 0.25 | 75.00 |
| | Review and analysis of P. Tanguy response to JAI email of 2/3/2010. | 0.25 | 75.00 |
| 2/5/2010 | Trip to and appearance at hearing on Motion to Compel. | 5.00 | 1,500.00 |
| 2/7/2010 | Drafting and finalizing letter to Marc Wojciechowski, Statement of Intention, and Request for Position | 2.00 | 600.00 |

Philippe Tanguy

|  |  | Page | 15 |
|---|---|---|---|
|  |  | Hours | Amount |
| 2/9/2010 | Initial draft and preparation, finalizing, and filing, Motion for Sanctions for Failure to Attend Mediation and Notice of Hearing, procuring hearing from District Clerk for 2-15-10 at 9:30 a.m. | 5.75 | 1,725.00 |
|  | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Motion for Sanction for Failure to attend Mediation and Notice of Hearing. | 0.75 | 37.50 |
|  | Scanning and efiling with the Court Defendants' Motion to Strike Second Amended Petition or for Continuance. | 0.67 | 33.33 |
| 2/11/2010 | Review and analysis of P. Tanguy's email forwarding Moriarty Olympic ticket scam website address. | 0.25 | 75.00 |
| 2/12/2010 | Drafting and finalizing after client's input Defendants' Responses and Objections to Motion to Compel and faxing same to Hilary Greene. | 3.00 | 900.00 |
|  | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Response to Plaintiffs' 2nd Motion to Compel. | 0.75 | 37.50 |
|  | Review and analysis of website and claims made by Moriarty.  Review of Petition against On Point posted by Moriarity and other cases listed on the website. | 2.25 | 675.00 |
| 2/14/2010 | Review, filing and analysis of Plaintiffs Response to Defendants Motion for Sanctions with 6 exhibits and proposed order and various citations. | 3.75 | 1,125.00 |
|  | Sending email to client updating him on hearing scheduled to take place on Plaintiffs' Motion to Compel and Defendants' Motion for Sanctions. | 0.25 | 75.00 |
| 2/15/2010 | Attaching and forwarding copies of P. Tanguy's and Fidencio Fuentes' depositions - Paralegal time - KC. | 0.33 | 16.67 |
|  | Review and analysis of Kevin Leyendecker's email forwarding copies of client's depositions and requesting settlement discussions concerning mediation -- and the manner which will satisfy Defendants in having it carried out. | 0.33 | 100.00 |
|  | Composing and sending email to Kevin Leyendecker forwarding Evanston insurance policies and other documents he requested and  attaching same to emails. | 0.50 | 150.00 |
|  | Review and analysis of email dated 2/15/2010 from Keven Leyendecker acknowledging receipt of insurance documents and Evanston's suit information he demanded. | 0.50 | 150.00 |
|  | Composing and  sending JAI email forwarding copies of Tanguy's and Fuentes deposition to Marc Wojciechowski  and attaching same. | 0.25 | 75.00 |

Philippe Tanguy

Page   16

| | | Hours | Amount |
|---|---|---|---|
| 2/16/2010 | Preparation for and Telephone conference with Kevin Leyendecker re following up his demand that a conference take place and attempt be made to settle mediation dispute as to manner in which Plaintiffs are to appear and other matters. | 1.25 | 375.00 |
| | Review and analysis of client email suggesting a meeting with Marc Wojciechowski before mediation. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email asking whether a strategy conference with Marc Wojciechowski is necessary before proceeding with mediation. | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski email informing On Point that Evanston believes that a second shot should be taken at mediation before beginning depositions. Also announcing Marc Wojciechowski will attend depositions on behalf of Evanston. | 0.33 | 100.00 |
| 2/19/2010 | Review and analysis of Fidencio Fuentes 137 page deposition. | 2.75 | 825.00 |
| 2/22/2010 | Review, reading , and analysis of P. Tanguy 81 page deposition. | 1.75 | 525.00 |
| 2/26/2010 | Review and analysis of Kevin Leyendecker email requesting input as to naming of new mediator. | 0.25 | 75.00 |
| | Review and analysis of email forwarding Plaintiff's designation of Expert Witnesses and Evanston letter to client. | 0.25 | 75.00 |
| 2/28/2010 | Review and analysis of client Tanguy email to JAI pointing out that Plaintiffs' expert is a travel agent, not a tour operator like On Point "Travel agents like Uniglobe are our clients because they can't / don't do what we do." | 0.25 | 75.00 |
| | Review, and analysis of Plaintiffs' First Amended Designation of Experts / comparison for changes to original Designation of Experts / analysis of new issues on which Plaintiffs propose to present expert testimony. Further research in travel industry and on web; further discussions with client. | 7.75 | 2,325.00 |
| | Initial review and analysis of Plaintiffs' Amended Designation of Expert Witnesses and study of sources for expert witnesses in travel industry. | 1.25 | 375.00 |
| | Review and analysis of client Tanguy's email providing link to more information concerning other litigation over Olympic tickets; review of link | 0.67 | 200.00 |
| | Review and analysis of resume of Plaintiffs' expert witness, Marie Magliano / checking qualifications and information. | 0.75 | 225.00 |
| 3/15/2010 | Review and analysis of Plaintiffs' Second Set of Interrogatories and third Request for Production to Defendants preparatory to forwarding to client. | 0.75 | 225.00 |

Philippe Tanguy

Page   17

| | | Hours | Amount |
|---|---|---|---|
| 3/16/2010 | Forwarding Second Set of Requests for Production and Interrogatories to client Tanguy. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email concerning  dates on which he is not available for court proceedings or mediation and marking same on calendar. | 0.33 | 100.00 |
| | Telephone conference with client re preparing answers to discovery. | 0.50 | 150.00 |
| | Drafting, finalizing, and forwarding, letter to Gina Henry re  retention letter for expert testimony. | 1.50 | 450.00 |
| 3/18/2010 | Preparation  of intiial responses on Plaintiffs Requests for Disclosure and forwarding same to client for final input. | 1.00 | 300.00 |
| | Review of client's responses; preparation and service of Defendants' responses of Requests for Disclosure. | 1.25 | 375.00 |
| | Drafting and finalizing of 18 sets of interrogatories and requests for production to 18 Plaintiffs | 6.00 | 1,800.00 |
| 3/20/2010 | Telephone conference with client P. Tanguy re names for expert witnesses of Defendants' Designation of Experts. | 0.33 | 100.00 |
| 3/22/2010 | Composing and sending email to client Tanguy forwarding 18 sets of interrogatories and 18 sets of requests for production - Paralegal time - KC. | 0.75 | 37.50 |
| 3/23/2010 | Review and analysis of mediation dates offered by Marc Wojciechowski. | 0.25 | 75.00 |
| | Preparation for and Telephone conference with Gina Henry, Philippe Tanguy's proposed expert closing agreement to act as expert witness. | 1.50 | 450.00 |
| | Sending JAI email to P. Tanguy explaining the reason for Marc Wojciechowski  suggested dates and requesting client input. | 0.25 | 75.00 |
| | Review and analysis of P. Tanguy email providing dates that he is available which are also agreeable to Marc Wojciechowski. | 0.25 | 75.00 |
| 3/26/2010 | Compiling required information; preparation and filing of Defendants' Designation of Expert Witnesses with attachments. | 4.25 | 1,275.00 |
| | Sending email to client. P. Tanguy describing interview with Defendants' expert Gina Henry and closing of agreement for representation. | 0.67 | 200.00 |
| 3/27/2010 | Review and analysis of Marc Wojciechowski email approving Gina Henry for designation as Defendants' expert. | 0.25 | 75.00 |

Philippe Tanguy

Page    18

| | | Hours | Amount |
|---|---|---|---|
| 3/29/2010 | Review and analysis of client Tanguy email requesting that April 9 be dropped from scheduling options for April 6 through April 8 for mediation. | 0.25 | 75.00 |
| | Review and analysis of email from Marc Wojciechowski requesting that he be informed of dates selected by Tanguy for mediation. | 0.25 | 75.00 |
| | Sending email to client requesting input as to dates for mediation. Informing client letter is ready to be sent. | 0.25 | 75.00 |
| | Dictating, drafting preparing, and forwarding letter to Hilary Greene demanding date for second court-ordered mediation. | 1.50 | 450.00 |
| 3/30/2010 | Exchanging email between P. Tanguy and JAI re P. Tanguy's availability to complete answers to discovery. | 0.25 | 75.00 |
| | Preparing, finalizing and faxing letter to H. Greene re proposed dates for resumption of mediation before Mediator Birnberg. | 1.00 | 300.00 |
| | Review and analysis of client email approving deposition and discovery strategy. | 0.25 | 75.00 |
| | Review and analysis of Trial Preparation Order submitted by Court | 0.50 | 150.00 |
| | Composing and sending email to Marc Wojciechowski discussing deposition strategy. | 0.25 | 75.00 |
| | Review and analysis of Court's setting reminder, posting same to file | 0.33 | 100.00 |
| | Review and analysis of email from Marc Wojciechowski selecting the weeks of April 5 or April 12 as a date for Plaintiffs' expert's deposition. | 0.25 | 75.00 |
| | Review and analysis of Tanguy email re discovery concerns. | 0.25 | 75.00 |
| | Composing and sending email to client answering client's email and addressing client's discovery concerns; discussion of trial strategy. | 0.33 | 100.00 |
| | Review and analysis of client email asking when discovery answers are due. | 0.25 | 75.00 |
| | Composing and sending email to client answering client's question when discovery is due -- providing him with the 30 day deadlines from date of service. | 0.25 | 75.00 |
| | Drafting and finalizing letter to Marc Wojciechowski re proposed dates for resumption of mediation for weeks of April 5 and 12. | 0.33 | 100.00 |
| 4/1/2010 | Preparation for and Telephone conference with Leyendecker re Plaintiffs' intent to seek rehearing of Judge's order requiring their appearance in Houston for mediation. | 1.00 | 300.00 |

| Philippe Tanguy | | Page | 19 |
|---|---|---|---|
| | | Hours | Amount |
| 4/1/2010 | Review and posting on calendar of setting reminder from Court. | 0.50 | 150.00 |
| 4/2/2010 | Review and analysis of client Tanguy email to JAI asking whether Plaintiffs' proposed trial date can be moved in June / July, 2010 can be moved. Tanguy has to be in South Africa. | 0.25 | 75.00 |
| | Composing and sending long email to Marc Wojciechowski explaining conversation with Leyendecker re mediation and Plaintiffs' intent to go for "rehearing" of Judge's order and attempt to get a video mediation of their clients. | 0.67 | 200.00 |
| | Review and analysis of emails of 4/2/2010 from P. Tanguy commenting on Plaintiffs' unwillingness to appear in Houston for mediation. | 0.25 | 75.00 |
| 4/5/2010 | Composing and sending email to Hilary Greene stating that Defendants are unable to state their position as of yet concerning video deposition because they are waiting for input from insurance counsel. | 0.33 | 100.00 |
| 4/7/2010 | Drafting, preparing, finalizing, and submitting Defendants' Notice of Deposition of Plaintiffs' Expert Magliano with subpoena duces tecum | 3.25 | 975.00 |
| | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Notice of Deposition of Plaintiffs' Expert. | 0.75 | 37.50 |
| 4/8/2010 | Telephone conference with Hilary Green concerning copying of documents which were tendered to the Court in camera by the Plaintiffs' offer to check out documents from 129th Clerk, file, copy same, and return same to Court's custody. | 1.75 | 525.00 |
| 4/9/2010 | Telephone conference with Hilary Greene re Court's requirement "for order allowing withdrawal of in camera documents" for copying. | 0.67 | 200.00 |
| 4/10/2010 | Drafting, finalizing, and submitting to Court at Court Clerk's request and Hilary Greene's request order allowing withdrawal of documents submitted in camera for judicial review. | 2.25 | 675.00 |
| 4/12/2010 | Research and other preparation for a telephone conference with client re possible necessity of designation of additional defense expert witnesses / Telephone conference covering other areas of testimony in travel industry that expert witness might cover to rebut Plaintiffs etc. | 3.75 | 1,125.00 |
| 4/13/2010 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Designation of Expert. | 0.75 | 37.50 |
| | Review of client input; analysis to determine whether selected expert sufficient to rebut Magiano "disclosed" subjects of testimony. | 2.75 | 825.00 |

Philippe Tanguy                                                                          Page    20

|  |  | Hours | Amount |
|---|---|---|---|
| 4/13/2010 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Second Notice of Deposition for Plaintiffs' Expert. | 0.75 | 37.50 |
|  | Sending email to H. Greene explaining that rejected settlement offers may have been bona fide offers which shift liabiltiy for attorney's fees onto Plaintiffs. Forwarding email to client Tanguy. | 0.75 | 225.00 |
| 4/14/2010 | Review and analysis of client input for responses and answers to Plaintiffs' Second Set of Interrogatories and Third Requests for Production. | 2.00 | 600.00 |
|  | Review and analysis of Court's order denying inspection of in camera documents by the Plaintiffs dated 4-13-2010, and posting same to file | 0.67 | 200.00 |
|  | Drafting and obtaining client signature on necessary verifiation for answers and responses to discovery. | 1.00 | 300.00 |
|  | Preparation and filing of Certificate of Discovery and finalization of Defendants' Responses to Requests for Disclosure. | 1.25 | 375.00 |
|  | Drafting and sending email to H. Greene providing dates for taking of Plaintiffs' expert on which Defendant, Defendants' counsel, and the carrier are available and circulating same to client. | 0.67 | 200.00 |
|  | Review and analysis of H. Greene email dated 4/14/2010 in which she states "she will check with her clients." | 0.25 | 75.00 |
|  | Review and analysis of documents responsive to Production | 2.50 | 750.00 |
|  | Review and analysis of Judge Gomez's order denying Defendants' claims to trade secret privilege of documents tendered in camera, notifying client of same; research of grounds for overuling trade secret privilege claims stated in order | 0.75 | 225.00 |
|  | Review and analysis and filing of H. Greene letter demanding deposition dates dated 4/14/2010. | 0.33 | 100.00 |
|  | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Certificate of Discovery. | 0.33 | 16.67 |
|  | Drafting, finalizing, and forwarding Defendants' Answers to Plaintiffs' Second Set of Interrogatories and Defendants Responses to Plaintiffs' Third Set of Requests for Production | 6.00 | 1,800.00 |
| 4/16/2010 | Review and analysis of Plaintiffs Third Amended Complaint -- analysis of the negligence claim Plaintiffs added for acts Plaintiffs claim to be negligent; researching documentary evidence to determine support for claim of negligence. | 3.50 | 1,050.00 |

Philippe Tanguy

|  | | Page | 21 |
|---|---|---|---|
|  | | Hours | Amount |

| | | Hours | Amount |
|---|---|---|---|
| 4/16/2010 | Review and analysis of client Tanguy email wanting to know the effect of Judge Gomez's order overruling trade secret privilege. | 0.25 | 75.00 |
| 4/17/2010 | Legal research of law of negligence compared to law of negligent misrepresentation, facts which must be proven to support such claims, review of facts and evidence. | 7.50 | 2,250.00 |
| | Initial review of Plaintiffs Motion for Clarification and Modification -- Plaintiffs claims that the "discretion" of a trial judge can trump requirement of a forum selection clause that the litigation take place in the selected forum. | 3.25 | 975.00 |
| | Review and analysis of notice of hearing dated 4-16-2010 and posting same to file. | 0.33 | 100.00 |
| 4/20/2010 | Review and analysis of Hilary Greene email forwarding five Responses to Requests for Disclosure by the various Plaintiffs. | 0.33 | 100.00 |
| | Drafting, preparing, finalizing, and submitting Defendants' Amended Notice(s) of Deposition. | 3.75 | 1,125.00 |
| | Drafting, preparing, finalizing and submitting Motion to Compel Mediation and Depositions along with Notice of Hearing | 4.50 | 1,350.00 |
| | Review and analysis of Plaintiffs Motion for Clarification and Modification -- legal research concerning Plaintiffs claims that they may control the place of deposition where they may be deposed even if outside the forum selected by forum selection clause and outside the forum noticed by the Defendants and sued by the Plaintiffs. | 6.75 | 2,025.00 |
| | Preparing and Sending email letter to Hilary Greene confirming deposition of Plaintiffs' alleged expert Magliano for 4/23/2010 and confirming grant of enlargement of time to Plaintiffs to complete and serve their responses to discovery; separate email to client forwarding 4-20-2010 email to Greene | 0.25 | 75.00 |
| | Review and analysis of order modifying and amending temporary orders -- This order not reviewed until months later.  The description of the order on the docket sheet does not match the title of the order. | 0.50 | 150.00 |
| 4/21/2010 | Preparation of Amended Notice of Deposition with subpoena duces tecum of Plaintiffs' expert Marie Magliano for 4-23-10 at 9:00 a.m. | 1.00 | 300.00 |
| | Review and analysis of Hillary Greene email dated 4/20/2010 forwarding 5 responses to requests for production by the various Plaintiffs; forwarding same to client Philippe Tanguy by email. | 0.25 | 75.00 |
| | Review and analysis of responses and objections to responses to Requests for Production from 5 Plaintiffs and the  documents referenced in the responses. | 2.75 | 825.00 |

Philippe Tanguy

Page   22

| | | Hours | Amount |
|---|---|---|---|
| 4/21/2010 | Review and analysis of Hilary Greene email fowarding 4 sets of answers to Interrogatories for Plaintiffs Horowitz, Freeman, Petersen and Merage. Separate email forwarding answers to interrogatories to client Philippe Tanguy. | 0.25 | 75.00 |
| | Review and analysis of five Responses to Requests for Disclosure served by the various Plaintiffs and referenced documents. | 4.25 | 1,275.00 |
| | Review and analysis of Plaintiffs' Answers and Objections from 5 Plaintiffs. | 2.50 | 750.00 |
| | Review and analysis  and comparison of Hilary Greene email dated 4/20/2010.  Downloading 5 sets of responses to Requests for Disclosure; reviewing same. | 2.25 | 675.00 |
| 4/22/2010 | Review and analysis of P. Tanguy email pointing out Chehabi's interrogatory answers are missing | 0.25 | 75.00 |
| | Preparation for Plaintiffs' expert Magliano's deposition. | 3.67 | 1,100.00 |
| | Composing and sending email to P. Tanguy providing him instructions to use in preparing for deposition and describing copies of documents received from Moriarty law firm on CD. | 0.33 | 100.00 |
| | Composing and sending email to client P. Tanguy analyzing results of Magliano deposition and effect on Moriary's negligence claim. | 0.50 | 150.00 |
| 4/23/2010 | Preparation and filing of Motion to Compel Mediation and Depositions | 2.50 | 750.00 |
| | Trip to and appearance at Magliano deposition. | 5.75 | 1,725.00 |
| | Review and analysis of notes taken after Magliano deposition. | 1.50 | 450.00 |
| 4/24/2010 | Review and analysis of Hilary Greene letter dated 4/23/2010 purporting to state dates and times Plaintiffs are available for deposition in Orange County, California. | 0.33 | 100.00 |
| 4/25/2010 | Review and analysis of P. Tanguy email dated 4/25/2010 describing documents and effect of documents on disk provided by Moriarty law firm. | 0.25 | 75.00 |
| 4/26/2010 | Trip to and appearance at hearing on motions. | 5.67 | 1,700.00 |
| 4/27/2010 | Sending email  forwarding Horowitz Motion for Clarification,  Answers to Interrogatories and Rule 194 Disclosure Responses to client for review and comment. | 0.25 | 75.00 |
| | Review and analysis of Horowitz' Motion for Clarification | 1.50 | 450.00 |

Philippe Tanguy                                                                            Page    23

|            |                                                                                                                                                                                              | Hours | Amount |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 4/27/2010  | Sending email to client forwarding Horowitz Plaintiffs' 194 responses; Plaintiff James Petersen's First Amended Interrogatory Answers and Objections and letter stating the deposition availability of Plaintiffs from Hillary Greene. | 0.25  | 75.00  |
|            | Review and analysis of email from client Tanguy inquiring about May 3, 2010 scheduling and asking whether mediation should go first and whether Judge Gomez's decision to violate forum selection clause with respect to the depositions should be appealed. | 0.25  | 75.00  |
| 4/28/2010  | Review and analysis of Judge's order "approving stipulation" signed 4-26-10 and posting same to file. (There was no stipulation to approve.)                                                    | 0.33  | 100.00 |
| 5/9/2010   | Review and analysis of Agreed Motion for Continuance to Modify Docket Control Order and request for preferential trial setting.                                                               | 0.33  | 100.00 |
| 5/12/2010  | Review and processing Court Reporter Kale McCabe email forwarding exhibits to Magliano deposition.                                                                                            | 0.25  | 75.00  |
|            | Sending email to client forwarding Magliano deposition exhibits.                                                                                                                              | 0.25  | 75.00  |
| 5/13/2010  | Review and analysis of Hilary Greene response to JAI email re necessity to appear at Court and procedures for copying in camera documents.                                                     | 0.25  | 75.00  |
|            | Review and analysis of Hilary Greene email re call she received from 129th Trial Coordinator re Judge's signing of Agreed Order for Preferential Trial Setting of 1/31/2011; change in date of pretrial conference January 17 to January 24th and requesting name of mediator. | 0.33  | 100.00 |
|            | Composing and sending response to Hilary Greene's 5-13-10 email concerning trial setting stating position re document production ordered by Court and copying procedures.                       | 0.33  | 100.00 |
| 5/14/2010  | Review and analysis of Amended Scheduling Order granting Trial Continuance dated 5-12-2010 and posting same to file.                                                                          | 0.33  | 100.00 |
| 5/17/2010  | Sending email to Hilary Greene providing name of proposed mediator, Thomas A. Dickinson -- request for confirmation.                                                                           | 0.25  | 75.00  |
|            | Sending email to Marc Wojciechowski updating him on developments in case and suggesting telephone conference re mandamus.                                                                      | 0.25  | 75.00  |
|            | Review and analysis of P. Tanguy email forwarding attachment.                                                                                                                                 | 0.25  | 75.00  |
|            | Review and analysis of resume of mediator, Thomas A. Dickinson.                                                                                                                               | 0.25  | 75.00  |
| 5/20/2010  | Review and analysis of Hilary Greene response to JAI 5/20/2010 email -- Greene asking when Tanguy will return?                                                                                | 0.25  | 75.00  |

Philippe Tanguy                                                                    Page     24

| | | Hours | Amount |
|---|---|---|---|
| 5/20/2010 | Forwarding Greene email dated 5/20/2010 re Tanguy's schedule to client P. Tanguy | 0.25 | 75.00 |
| | Composing and sending JAI email to Hilary Greene providing details concerning client Tanguy's unavailability for scheduling mediation in July due to World Cup in South Africa. | 0.25 | 75.00 |
| | Review and analysis of Tanguy email providing his travel schedule to S. Africa and date of return -- July 21, 2010. | 0.25 | 75.00 |
| 5/27/2010 | Drafting and finalizing Unopposed Motion to Appoint Mediator and Proposed Order appointed Thomas A. Dickinson. | 1.50 | 450.00 |
| 6/6/2010 | Review and analysis of Tanguy email with attached copies of Innovative v. Ticket Solutions suit. | 0.25 | 75.00 |
| 6/8/2010 | Review and analysis of client Tanguy's email from South Africa requesting update on status of case. | 0.25 | 75.00 |
| 6/11/2010 | Review and analysis of Innovative suit against Ticket Solutions -- comparison to Plaintiffs' theories of recovery in current case and claims for consequential damages; review of purported proof describe by Innovative as basis for suit contra Ticket Solutions. | 3.50 | 1,050.00 |
| 6/14/2010 | Drafting and finalizing faxed letter to H. Greene for dates for mediation . | 0.75 | 225.00 |
| 6/15/2010 | Review and analysis of Marc Wojciechowski email dated 6/15/2010 providing his availability for mediation 9/23 or 24. | 0.25 | 75.00 |
| | Forwarding Greene letter to JAI dated 6/15/2010 re deposition dates to Marc Wojciechowski.. | 0.25 | 75.00 |
| | Review and analysis of Andy Green letter providing proposed dates for mediation; reviewing calendar and marking dates. | 0.25 | 75.00 |
| 6/21/2010 | Review and analysis of Hilary Greene email concerning alleged failure to receive signed copy of proposed Protective Order and dates for proposed mediation. | 0.25 | 75.00 |
| | Composing and sending JAI email to Hilary Greene in response to request for signed copy of Protective Order and dates for mediation. | 0.25 | 75.00 |
| 6/24/2010 | Review and analysis of Hilary Greene email requesting prompt response to earlier 6/21 email. | 0.25 | 75.00 |
| 6/28/2010 | Review and analysis of Plaintiffs Motion for Entry of Agreed Protective Order; legal research re protective order enforcement where client list divulged. | 3.50 | 1,050.00 |

Philippe Tanguy

Page    25

| | | Hours | Amount |
|---|---|---|---|
| 6/28/2010 | JAI email response to Hilary Greene email dated 6/24/2010 -- informing Moriarty law firm that JAI is on designated vacation. | 0.25 | 75.00 |
| 6/30/2010 | Review and analysis of further Tanguy response re mediation date in August and dates for deposition. | 0.25 | 75.00 |
| | Review and analysis of Hilary Greene email dated 6/30/2010 forwarding revised proposed Protective Order with deleted Paragraph 8. | 0.25 | 75.00 |
| | Composing and Sending email to Hilary Greene objecting to Paragraph 8 wording in the Proposed Order and providing basis -- proposing to sign order without clause objected to. | 1.00 | 300.00 |
| | Review and analysis of Hilary Greene email stating Plaintiffs will "get back" to JAI re JAI demanded changes in Order. | 0.25 | 75.00 |
| | Composing and sending JAI email to Hilary Greene acknowledging Plaintiffs' announced intention to make changes in Protective Order. | 0.25 | 75.00 |
| | Review and analysis of email from Marc Wojciechowski requesting date on which mandamus will be prepared concerning mediation place and depositions in California and requesting prior review before submission of same. | 0.25 | 75.00 |
| | Forwarding JAI email to Greene to client and Marc Wojciechowski. | 0.25 | 75.00 |
| | Review and analysis of email from Hilary Greene proposing mediation dates for September 3, 23, and 24, 2010. | 0.25 | 75.00 |
| | Composing and sending JAI email to P. Tanguy in effort to schedule deposition upon Tanguy's return from S. Africa. | 0.50 | 150.00 |
| | Composing and sending brief email to Philippe Tanguy and Marc Wojciechowski providing Plaintiffs' proposed dates for mediation in September, 2010. | 0.25 | 75.00 |
| | Review and analysis of P. Tanguy email requesting information concerning Protective Order. | 0.25 | 75.00 |
| | Review and analysis of Plaintiffs' newly submitted proposed Protective Order. Researching effect of use of Protective Order with respect to unauthorized disclosure in cases involving third parties and Moriarty's solicitation at request of client. | 4.50 | 1,350.00 |
| | Review and analysis of email from Philippe Tanguy confirming his availability for Plaintiffs' proposed mediation dates. | 0.25 | 75.00 |

Philippe Tanguy                                                                    Page      26

|  |  | Hours | Amount |
|---|---|---|---|
| 6/30/2010 | Sending email to Marc Wojciechowski and client Tanguy forwarding the Plaintiffs' proposed Protective Order and requesting dates for availability of depositions in California. | 0.25 | 75.00 |
|  | Review and analysis of email from Hilary Greene forwarding final proposed Protective Order for JAI signature. | 0.25 | 75.00 |
|  | Review and careful analysis of Plaintiffs' "Revised" Protective Order before signature to make sure previous objections are addressed. | 0.50 | 150.00 |
| 7/1/2010 | Review and analysis of Agreed Motion to Enter Order submitted by Hilary Greene prior to signature. | 0.33 | 100.00 |
|  | Composing and sending email to Hilary Greene noting JAI signature on Protective Order "as to form only" and other comments concerning mediation and depositions. | 0.50 | 150.00 |
|  | Review and analysis of Hilary Greene email dated 7/1/2010 re necessity to file Motion for Entry of Order (Protective Order). | 0.25 | 75.00 |
| 7/9/2010 | Drafting, preparing, finalizing, and submitting Motion for Entry of Order granting limited access to documents tendered to Clerk in camera at Hilary Greene request as well as District Clerk, Order, and Notice of Hearing for 7/13/10 at 10:00 a.m | 2.25 | 675.00 |
|  | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Motion for In Camera Access and Notice of Hearing. | 0.50 | 25.00 |
| 7/10/2010 | Review and analysis of Court's order granting protection from discovery request.  Analyzing Protective portions of order re: enforceability. | 1.00 | 300.00 |
| 7/13/2010 | Preparing, proofing, and forwarding email to Hilary Greene confirming dates for mediation and problems with attendance and stating "Defendants want to preserve the right to object" re California depositions and non-appearance at mediation by Plaintiffs. | 0.50 | 150.00 |
| 8/30/2010 | Review and analysis of Hilary Greene email forwarding 2nd set of written interrogatories and 2nd Requests for Production to Philippe Tanguy and to On Point Events. | 0.33 | 100.00 |
| 9/2/2010 | Review and analysis of 2 additional sets of interrogatories and requests for production directed by Plaintiff to Philippe Tanguy and On Point Events; comparison with original discovery answers to determine duplication and status of objections. | 4.50 | 1,350.00 |
| 9/14/2010 | Composing and sending email to client Tanguy reminding him of mediation date. | 0.25 | 75.00 |

Philippe Tanguy                                                                          Page      27

|            |                                                                                      | Hours | Amount   |
|------------|--------------------------------------------------------------------------------------|-------|----------|
| 9/14/2010  | Review and analysis of P. Tanguy email to JAI re mediation. Acknowledgement of mediation date. | 0.25  | 75.00    |
| 9/16/2010  | Review and analysis of email from Jan Williams, secretary to mediator Tom Dickinson informing parties of scheduling of mediation for 9/24/10. | 0.25  | 75.00    |
|            | Review and analysis of email from client Tanguy and requests to know "if he has to do anything" with respect to mediation for September 24, 2010?" | 0.25  | 75.00    |
| 9/18/2010  | Initial legal research - Mandamus standard with respect to discovery dispute, form of mandamus required, amendments, if any to Texas Rules of Appellate Procedure | 8.00  | 2,400.00 |
| 9/19/2010  | Legal research re effect of Defendants Notice of Deposition to take Plaintiffs' depositions in forum where Plaintiffs' filed suit on Judicial Discretion to Order proceedings take place elsewhere. | 6.00  | 1,800.00 |
| 9/20/2010  | Legal research, review of case law concerning right of Defendants to take Plaintiffs deposition under T.R.C.P. in forum where suit has been filed by Plaintiff and discretion of Judge to order proceedings in litigation outside the forum designated by the forum selection clause and/or to excuse personal appearance at mediation. | 8.00  | 2,400.00 |
| 9/21/2010  | Drafting reviewing, revising initial draft of Petition for Writ of Mandamus / compilation of orders and record required by T.R.A.P. for pursuit of mandamus, research into requirements for Motion for Emergency Stay. | 8.25  | 2,475.00 |
| 9/22/2010  | Preparation of Mandamus record and Verification for Authentication of Record. | 0.33  | 100.00   |
|            | Email forwarding deposition rules applicable to mandamus for inclusion in appendix of mandamus. | 0.33  | 100.00   |
|            | Revising Petition to include factual references..                                    | 3.00  | 900.00   |
|            | Preparation of Court of Appeals Mandamus; Compiling, marking, copying, tabbing, punching, binding and preparing for mailing and filing (over two days) - Paralegal time - KC. | 8.00  | 400.00   |
| 9/23/2010  | Finalizing original Petition for Writ of Mandamus and Motion for Emergency Stay and submission to Court of Appeals. | 8.00  | 2,400.00 |
|            | Review and analysis of Tanguy's email written after review of mandamus filing with 14th Court of Appeals | 0.25  | 75.00    |
|            | Composing and sending email to client email dated 9/23/2010                          | 0.25  | 75.00    |
|            | Round trip Travel time to Court of Appeals for filing of Mandamus.                   | 1.50  | 75.00    |

Philippe Tanguy

Page   28

| | | Hours | Amount |
|---|---|---|---|
| 9/23/2010 | Review and analysis of client's email response to JAI email to Mark Wojciechowski dated 9/23/10. | 0.25 | 75.00 |
| 9/24/2010 | Telephone conference with client, preparation for mediation | 2.75 | 825.00 |
| | Trip to and appearance at 2nd mediation, post mediation conference with client and Evanston representatives; Later conference with client Tanguy. | 8.00 | 2,400.00 |
| | Composing and sending email to client Tanguy providing information re mediation  location, statement, and fee. | 0.33 | 100.00 |
| | Review and analysis of Tanguy email responding to JAI email dated 9/23/10 re mediation. | 0.25 | 75.00 |
| | Composing and sending email to Tanguy informing him of exact charge for mediation "$575.00" | 0.25 | 75.00 |
| 9/25/2010 | Review and analysis of designation of James Moriarity as Plaintiffs attorney in charge and posting same to file. | 0.25 | 75.00 |
| 9/27/2010 | Review and analysis of client Tanguy email confirming payment to mediator. | 0.25 | 75.00 |
| 9/28/2010 | Review and analysis of Tanguy email re his comments on mandamus after he reviewed it. | 0.25 | 75.00 |
| | Composing and sending email to Mark Wojciechowski informing him of 14th Court of Appeals denial of stay from Judge Gomez' order for virtual mediation without Plaintiffs' attendance and discussing other matters. | 0.33 | 100.00 |
| | Review and analysis of Tanguy email re mandamus and cause of failure of mediation. | 0.25 | 75.00 |
| | Review and analysis of Court of Appeals Notice denying Motion for Emergency Stay and posting to file. | 0.25 | 75.00 |
| | JAI email to  client Tanguy explaining position re continuing mandamus to Texas Supreme Court to obtain ruling on California depositions | 0.33 | 100.00 |
| 9/29/2010 | Review and analysis of client Tanguy email to Marc Wojciechowski reiterating need for phone conference and requesting availability. | 0.25 | 75.00 |
| | Review and analysis of Tanguy email to Marc Wojciechowski  suggesting conference to discuss mediation stance, coverage matters, and other issues. | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski email confirming settlement authority from Evanston and questioning need for conference. | 0.25 | 75.00 |

Philippe Tanguy                                                      Page     29

                                                                   Hours    Amount

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/29/2010 | Review and analysis of Marc Wojciechowski short email providing availability and times for suggested phone conference. | 0.25 | 75.00 |
| 9/30/2010 | Review and analysis of client Tanguy email confirming telephone conference for Monday, 10-4-10 at 12:00 p.m. to 1:00 p.m. | 0.25 | 75.00 |
|  | Drafting and finalizing Motion to Enlarge Time to Answer Discovery | 1.50 | 450.00 |
|  | Review and analysis of client Tanguy email to JAI re availability for suggested telephone conference. | 0.25 | 75.00 |
|  | Review and analysis of Tanguy email forwarding his answers and responses to the Horowitz interrogatories. | 0.25 | 75.00 |
|  | Review and analysis of client's handwritten responses to interrogatories and requests for production. | 1.50 | 450.00 |
|  | Composing and sending JAI email to P. Tanguy providing time that he is available for suggested phone conference. | 0.25 | 75.00 |
| 10/4/2010 | Preparation for and participation in 3 way Telephone conference with client, Marc Wojciechowski and JAI, review of status of case, settlement posture, and other matters | 1.00 | 300.00 |
| 10/5/2010 | Review and analysis of client's lengthy email re suggested settlement strategy after mediation in light of input from mediator Dickenson. | 0.67 | 200.00 |
|  | Sending email to client Tanguy responding to his lengthy email re mediation strategy with suggestions for settlement strategy. | 0.25 | 75.00 |
| 10/13/2010 | Drafting, preparing, finalizing and submitting Motion to Enlarge Time Within Which to Prepare and Serve Discovery Responses. | 2.75 | 825.00 |
| 10/14/2010 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Motion to Enlarge Time Within Which to Answer Plaintiffs' Discovery. | 0.75 | 37.50 |
| 10/16/2010 | Review and analysis of 14th Court of Appeals Memorandum Opinion denying mandamus containing no authority, no reasoning, and no factual findings and posting to file. | 0.50 | 150.00 |
| 10/17/2010 | Legal research re effect of no opinion by Court of Appeals on Mandamus on Appeal in Texas Supreme Court; authorities concerning rehearing. Research on possible prejudice of successive writs. | 5.75 | 1,725.00 |
| 10/18/2010 | Drafting, finalizing, and serving Defendants' Answers to Plaintiffs' Third set of Interrorrogatories and Fourth Request for production to On Point Events. | 3.75 | 1,125.00 |

Philippe Tanguy

Page    30

| | | Hours | Amount |
|---|---|---|---|
| 10/18/2010 | Drafting, finalizing, and serving, Defendants' Answers to Plaintiffs' Second Set of Interrogatories and Second Request for Production to On Point Holdings. | 3.00 | 900.00 |
| | Drafting, finalizing, and serving, Defendants' Answers to Plaintiffs' Second Set of Interrogatories and Second Request for Production to Philippe Tanguy. | 2.67 | 800.00 |
| 10/19/2010 | Email forwarding 14th Court of Appeal Mandamus (non) opinion to client. | 0.25 | 75.00 |
| 10/20/2010 | Review and analysis of case law and citations in Plaintiffs' Response in Opposition to Mandamus for purposes of deciding whether to file writ in Texas Supreme Court; checking email correspondence for accuracy of Plaintiffs' factual representations. | 6.50 | 1,950.00 |
| 11/10/2010 | Review and analysis of Tanguy email to JAI confirming receipt of notice of date of pretrial hearing in Horowitz. | 0.25 | 75.00 |
| | Review and analysis of email from client Tanguy to JAI inquiring about scheduling of pretrial hearing in Horowitz on 1/24/11 | 0.25 | 75.00 |
| | Sending email to client Tanguy reminding client of setting of pretrial hearing on Horowitz for 1/24/11 at 1:00 p.m. | 0.25 | 75.00 |
| 11/24/2010 | Initial research of special requirements for filing mandamus in Texas Supreme Court and for seeking emergency stay, review of case law addressing Texas Supreme Court standard for emergency stay. | 6.50 | 1,950.00 |
| 11/26/2010 | Preparing first draft of Petition for Writ of Mandamus to Texas Supreme Court, research of Texas Supreme Court mandamus / effect of Court of Appeal ruling which does not address Mandamus points, but is factually based. -- search for proceeding(s) that reversed Court of Appeals Mandamus rulings. | 8.00 | 2,400.00 |
| 11/27/2010 | Initial research of Texas Supreme Court decisions protecting forum selection clauses. | 8.00 | 2,400.00 |
| 11/28/2010 | Legal research and analysis of Supreme Court Opinions concerning protection of rights under forum selection clause to avoid shifting of costs of out of forum litigation, judicial discretion. | 7.50 | 2,250.00 |
| | Legal research concerning effect of discovery deadline, mootness doctrine and other legal principles affecting right to apply for emergency stay to the Texas Supreme Court | 5.33 | 1,600.00 |
| 11/29/2010 | Preparation of initial draft of Motion for Emergency Stay, compiling evidence and documents necessary to attach to Emergency Motion and/or Appendix. | 8.00 | 2,400.00 |

Philippe Tanguy

Page 31

| | | Hours | Amount |
|---|---|---|---|
| 11/30/2010 | Preparing and revising initial draft of affidavits of Philippe Tanguy and Joe Alfred Izen, Jr. in support of Petition for Writ of Mandamus, compiling exhibits, reviewing, correcting, and finalizing of Petition for Writ of Mandamus, affidavit of Philippe Tanguy, and affidavit of Joe Alfred Izen, Jr. with Motion for Emergency Stay. | 10.00 | 3,000.00 |
| | Preparing, drafting and reviewing initial draft of Petition for Writ of Mandamus and supporting Affidavit of Philippe Tanguy | 5.25 | 1,575.00 |
| 12/1/2010 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Petition for Mandamus in Supreme Court. | 4.00 | 200.00 |
| | Preparation of final draft of Motion for Emergency Stay and Appendix for Petition for Writ of Mandamus to Texas Supreme Court, forwarding by email and US Mail; Final checking of record and case citations. | 8.00 | 2,400.00 |
| | Preparation of Supreme Court Mandamus compiling, marking, copying, tabbing, punching, binding and preparing for mailing and filing. (over two days)- paralegal time - KC. | 8.00 | 400.00 |
| | Sending email to Texas Supreme Court forwarding Emergency Motion for Stay to accompany mandamus. | 0.25 | 75.00 |
| | Sending email of mandamus and Motion for Emergency Relief and Appendix to Texas Supreme Court after scanning. | 0.67 | 200.00 |
| 12/2/2010 | Sending email to to Marc Wojciechowski discussing strategy to take in the event mandamus not granted and California depositions go forward. | 0.33 | 100.00 |
| | Review of brief email from Marc Wojciechowski stating he would have to check with Evanston to determine whether he would attend depositions. | 0.25 | 75.00 |
| | Sending email to Marc Wojciechowski informing him of call from Texas Supreme Court Clerk and review of Emergency Motion for Stay. | 0.25 | 75.00 |
| | Composing and sending email to Texas Supreme Court attaching Tabs 1-2 with six files. | 0.33 | 100.00 |
| | Sending email to Hilary Greene discussing pending mandamus before Supreme Court and backup plans for taking depositions on dates in December, 2010. | 0.75 | 225.00 |
| | Review and analysis of Marc Wojciechowski email stating position concerning action to be taken if proposed mandamus petition to Texas Supreme Court is denied. | 0.25 | 75.00 |
| | Review and analysis of brief email from Marc Wojciechowski stating his position on mandamus that was filed with Texas Supreme Court. | 0.25 | 75.00 |

Philippe Tanguy

Page    32

| | | Hours | Amount |
|---|---|---|---|
| 12/2/2010 | Review and analysis of client Tanguy's email asking questions re effect of grant of stay on depositions and trial. | 0.25 | 75.00 |
| 12/3/2010 | Review and analysis of Plaintiffs' authorities and record references Plaintiffs claimed supported their response to Motion for Emergency Stay. | 4.50 | 1,350.00 |
| | Initial review, and analysis of Plaintiffs' Response to Motions for Emergency Stay in Supreme Court. | 3.75 | 1,125.00 |
| | Drafting, preparing, and finalizing Reply to Plaintiffs' Response to Motion for Emergency Stay in Texas Supreme Court. | 3.50 | 1,050.00 |
| | Review and analysis of client's email re Plaintiffs' claim that the right to take their depositions has been waived. | 0.25 | 75.00 |
| | Sending email to Marc Wojciechowski informing him of efforts to schedule back up dates for depositions and position re Hilary Greene claim of waiver of depositions. | 0.25 | 75.00 |
| | Composing and sending email to Marc Wojciechowski | 0.33 | 100.00 |
| | Review and analysis of Hilary Greene letter claiming waiver of right to take Plaintiffs' depositions prior to expiration of discovery deadline. | 0.75 | 225.00 |
| | Composing and sending lengthy email letter to client re Plaintiffs' claims of waiver right to take depositions prior to expiration of discovery deadline and provisions of rules and authority.  Compiling research to insert in email. | 1.50 | 450.00 |
| | Review and analysis of Tanguy email responding to JAI email explaining non-waiver of right to take depositions. | 0.25 | 75.00 |
| 12/4/2010 | Review and analysis of Hilary Greene email forwarding Repondents (Plaintiffs') response to Emergency Motion for Stay. | 0.25 | 75.00 |
| | Sending email to client Tanguy providing further discussion re effect of an illegal order by Judge Gomez cutting off discovery and depositions before expiration of discovery deadline. | 0.33 | 100.00 |
| | Reviewing, drafting, filing final original Reply to Plaintiff's Response to Motion for Emergency Stay | 0.25 | 75.00 |
| | Review and analysis of Tanguy email dated 12/4/10 demanding right to be at depositions if scheduled. | 0.25 | 75.00 |
| | Dictating, drafting preparing,  reviewing, compiling Initial  draft of Reply to Plaintiffs' Response to Motion for Emergency Stay | 3.50 | 1,050.00 |

Philippe Tanguy                                                                    Page      33

|  |  | Hours | Amount |
|---|---|---|---|
| 12/5/2010 | Drafting, preparation, final review and submission and service of Plaintiffs' Motion to Compel Further Responses and Answers to Discovery and Demand under Rule 193.3 with 10 exhibits and proposed order. | 8.00 | 2,400.00 |
| 12/6/2010 | Composing and sending email forwarding affidavit Exhibits to Texas Supreme Court - Paralegal time - KC. | 0.33 | 16.67 |
|  | Composing and sending Email forwarding Authenticating Affidavit of JAI to Texas Supreme Court - Paralegal time - KC. | 0.50 | 25.00 |
|  | Finalizing and sending original and 11 copies of Relators' Reply to Plaintiffs' Response to Relators Motion for Emergency Stay | 0.67 | 200.00 |
| 12/7/2010 | Telephone conference with Marc Wojciechowski re finding court reporters in California. | 0.25 | 75.00 |
|  | Preparing, drafting, and reviewing first draft of Request for Emergency Hearing, preparing, and filing original request for emergency hearing with District Clerk | 1.75 | 525.00 |
|  | Sending email to Marc Wojciechowski and client Tanguy forwarding 5 deposition notices "which will go out tomorrow." | 0.25 | 75.00 |
|  | Preparation of initial draft of reply to Plaintiffs Response to mandamus. | 8.00 | 2,400.00 |
|  | Obtaining California court reporter's commitment and Los Angeles address for Plaintiffs' depositions; other travel arrangement; video arrangements; review of confirmation email correspondence. | 0.33 | 100.00 |
|  | Review, filing and analysis of Plaintiff's Motion to Quash Deposition with attached affidavits. | 1.25 | 375.00 |
| 12/8/2010 | Legal research re court's discretion to deny continuance where discovery intentionally denied. | 8.00 | 2,400.00 |
|  | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Notices of Deposition on 5 Plaintiffs. | 1.33 | 66.67 |
|  | Review and analysis of client Tanguy email requesting status on mandamus ruling. | 0.25 | 75.00 |
|  | Review and analysis of P. Tanguy email to JAI asking "When are we going to hear back on mandamus ruling?" | 0.25 | 75.00 |
|  | Drafting, preparing, finalizing, filing and serving Notices of Deposition on 5 Plaintiffs with subpoena duces tecums. | 6.50 | 1,950.00 |

Philippe Tanguy

Page 34

| | | Hours | Amount |
|---|---|---|---|
| 12/9/2010 | Dictating, drafting preparing, initial draft of Motion to Compel Depositions for filing with District Clerk. | 6.25 | 1,875.00 |
| | Composing and sending JAI email to P. Tanguy informing him that Texas Supreme Court has not yet ruled on mandamus. | 0.25 | 75.00 |
| | Review of Plaintiffs' Response to Defendants Notices of Deposition. | 1.75 | 525.00 |
| | Review and analysis of Plaintiffs Response and Opposition to Supreme Court Mandamus, for legal authorities Plaintiffs cited as supposed support for Trial Judge's discretion to order litigation to take place outside of forum selected by the parties and factual representations many of which were inaccurate. | 7.50 | 2,250.00 |
| 12/10/2010 | Telephone conference with client re preparations for taking depositions in Los Angeles, CA; Motion to Compel Depositions hearing and Motion to Quash. | 0.33 | 100.00 |
| | Composing and sending email forwarding Motion to Compel, Affidavit in Support, Exhibits, and Motion for Emergency Hearing to Marc Wojciechowski | 0.33 | 100.00 |
| | Composing and sending email forwarding Plaintiffs' Motion to Quash Depositions to Marc Wojciechowski | 0.25 | 75.00 |
| | Review and analysis of Tanguy email to JAI re his own travel arrangements for LA depositions. | 0.25 | 75.00 |
| | Review and analysis of email from client Tanguy in response to earlier email sent 12-10-10. | 0.25 | 75.00 |
| | JAI email to District Clerk filing Emergency Motion for Hearing and Motion to Compel Depositions. | 0.33 | 100.00 |
| | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Motion to Compel Depositions with JAI Affidavit, and exhibits and Request for Emergency Hearing. | 1.00 | 50.00 |
| | Review and analysis of client Tanguy email concerning Plaintiffs' effort to avoid depositions. | 0.25 | 75.00 |
| | Preparation of affidavit of JAI in support of Defendants' Motion to Compel Plaintiffs' Depositions. | 3.25 | 975.00 |
| | Preparation and compilation of exhibits attached to Motion to Compel Depositions including past emails, final draft of Motion to Compel. | 3.50 | 1,050.00 |
| 12/11/2010 | Review and analysis of Plaintiffs Motion to Quash Depositions; review of rules governing Motion to Quash and grounds; posting same to file. | 2.75 | 825.00 |

Philippe Tanguy | | | Page | 35

| Date | | Hours | Amount |
|---|---|---|---|
| 12/12/2010 | Preparation of Supplemental Affidavit of Joe Alfred Izen, Jr. in support of Relator's Motion for Emergency Stay | 3.75 | 1,125.00 |
| 12/13/2010 | Forwarding supplemental filings with Texas Supreme Court to Marc Wojciechowski and client Tanguy | 0.33 | 100.00 |
| 12/14/2010 | Review and analysis of Texas Supreme Court's postcard ruling denying emergency stay and denying Petition for Writ of Mandamus; posting to file. | 0.25 | 75.00 |
| 12/15/2010 | Review, filing and analysis of citations and legal authority which Plaintiffs claim they purported relied on in failing to personally attend mediation as ordered. | 0.25 | 75.00 |
| 12/17/2010 | Legal research, preparing and filing, a Supplemental Affidavit of JAI in support of Motion for Emergency Stay and forwarding same to Supreme Court of Texas. | 4.50 | 1,350.00 |
| 12/19/2010 | Legal research re validity of Plaintiffs claim that "depositions have been waived." and the Court's discretion to limit the taking of discovery before the discovery period has expired. | 8.50 | 2,550.00 |
| | Review and analysis of client Tanguy email re status of L.A. depositions. | 0.25 | 75.00 |
| 12/20/2010 | Composing and send JAI email to P. Tanguy re possible dates for trial which could argued in Motion for Continuance JAI intends to file due to no discovery (depositions) and Motion to Compel. | 0.33 | 100.00 |
| | Review and analysis of client Tanguy email providing dates he is available for deposition for trial in January, February, March and April, 2011. | 0.25 | 75.00 |
| | Preparation and filing of Emergency Motion for Hearing along with an order requested by 129th Court staff. | 3.25 | 975.00 |
| | Review and analysis of Tanguy email responding to JAI email re trial dates. | 0.25 | 75.00 |
| 12/21/2010 | Paralegal Time - KC - Scanning and efiling with the Court Defendants' Motion to Compel Discovery with 10 exhibits and order. | 1.50 | 75.00 |
| | Sending email to client Tanguy re Emergency Request for Hearing to Marc Wojciechowski. | 0.25 | 75.00 |
| | Drafting and finalizing letter to H. Greene re depositions, 2 requests for Emergency Hearing on all pending motions | 0.75 | 225.00 |
| 12/22/2010 | Review and analysis of client Tanguy email to JAI asking for instructions concerning the 18 sets of interrogatories and requests for production that were forwarded to him by separate email. | 0.25 | 75.00 |

Philippe Tanguy                                                            Page      36

|            |                                                                                                                                                                                                                                                                                       | Hours | Amount   |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|----------|
| 12/22/2010 | Preparation and circulation of Notice of Hearing for 12/29/2010.                                                                                                                                                                                                                       | 0.75  | 225.00   |
|            | Forwarding Notice of Hearing by email to Marc Wojciechowski and client P. Tanguy.                                                                                                                                                                                                      | 0.25  | 75.00    |
| 12/27/2010 | Late night review and analysis of case file and state of discovery; preparation for hearing.  Review of all letter and email correspondence.                                                                                                                                           | 6.25  | 1,875.00 |
| 12/28/2010 | Review and analysis of Plaintiffs Response to Defendants Motion to Compel Depositions and Motion for Continuance with attached exhibits, reviewed Plaintiffs' arguments; research case authority for validity.                                                                          | 7.25  | 2,175.00 |
|            | Sending email to Marc Wojciechowski and P. Tanguy circulating Plaintiff's Response to Defendants' Motion to Compel Deposition and Motion for Continuance.                                                                                                                               | 0.33  | 100.00   |
| 12/29/2010 | Legal research in support; Preparation of initial draft of insert to Summary Judgment motion arguing that  Plaintiffs' negligence claim has no basis. Additional legal research to support argument  including Texas Supreme Court authority requiring buyers to read service contract after return from Court and Judge's Order overruling Plaintiffs' Objection to Hearing on Defendants' Motion for Summary Judgment. | 5.25  | 1,575.00 |
|            | Trip to and appearance at courthouse for hearing on Motion to Compel Depositions and continuance.                                                                                                                                                                                      | 5.75  | 1,725.00 |
| 12/30/2010 | Review and analysis of previous Motion for Summary Judgment / analysis of Third Amended Petition. Review of newly added negligence claim to Third Amended Petition.  Review of elements of each cause of action and proof to support elements for purposes of No Evidence Motion for Summary Judgment | 8.00  | 2,400.00 |
|            | Review and analysis of Hilary Greene email acknowledging in response to JAI email on 12/30/10 that she has received Defendants' Motion for Summary Judgment, Affidavit of Philippe Tanguy and exhibits.                                                                                  | 0.25  | 75.00    |
|            | Composing and sending email to Hilary Greene at her specific request informing her that two emails were sent to her with Defendants' Motion for Summary Judgment, Affidavit of Philippe Tanguy, and exhibits attached.                                                                  | 0.25  | 75.00    |
|            | Review and analysis of  Judge's signed order denying deposition appearance and denying trial continuance and posting to file.                                                                                                                                                          | 0.50  | 150.00   |
| 12/31/2010 | Preparation of initial draft of Amended Motion for Summary Judgment.                                                                                                                                                                                                                   | 7.00  | 2,100.00 |
| 1/1/2011   | Preparation of Amended Affidavit of Philippe Tanguy.                                                                                                                                                                                                                                   | 5.75  | 1,725.00 |
|            | Telephone conference with client re client availability for execution and delivery of affidavit, delivery of same; discussion of contents of affidavit.                                                                                                                                | 1.00  | 300.00   |

Philippe Tanguy                                                       Page    37

|  | | Hours | Amount |
|---|---|---|---|
| 1/2/2011 | Telephone conference with Philippe Tanguy re preparation of Amended Traditional and No Evidence Motion for Summary Judgment and contents of Affidavit, preparing final draft of affidavits of Philippe Tanguy and Joe A. Izen, Jr. with attached compiled exhibits and Amended Motions. | 9.00 | 2,700.00 |
| | Review and analysis of P. Tanguy email providing suggestion for detailed changes to Philippe Tanguy affidavit. | 0.50 | 150.00 |
| | Sending email to P. Tanguy providing him instructions for signing affidavit in front of notary and personally serving Hilary Greene's office. | 0.33 | 100.00 |
| | Email to Marc Wojciechowski and Philippe Tanguy forwarding Amended Motion for Summary Judgment with Exhibits. | 0.33 | 100.00 |
| | Email forwarding proposed Tanguy Motion for Summary Judgment order; notice of hearing and transmittal letter to Marc Wojciechowski and client Philippe Tanguy. | 0.33 | 100.00 |
| 1/3/2011 | Preparing final draft of Amended Motions for Summary Judgment and Tanguy Affidavit, JAI Affidavit and preparing, serving, and filing, Notice of Hearing for 1/24/11. | 8.00 | 2,400.00 |
| | Telephone conference with client re personal delivery of Amended Motions for Summary Judgment, Affidavit, and Notice of Hearing, to Hilary Greene law office; providing client instructions. | 0.75 | 225.00 |
| | Receipt of Tanguy email sent to JAI confirming personal delivery of summary judgment package to H. Greene's office. | 0.25 | 75.00 |
| | Preparation for and Telephone conference with Defendants' expert Gina Henry concerning 1-31-11 trial date and checking her schedule and availability. | 1.33 | 400.00 |
| | Composing and sending email to client Tanguy forwarding draft of Motion for Summary Judgment for his review and comments. | 0.25 | 75.00 |
| | Sending email to client Tanguy confirming receipt of notice of delivery of summary judgment package to H. Greene's office. | 0.25 | 75.00 |
| | Preparation of Transmittal letter to Plaintiffs forwarding Amended Motion for Summary Judgment and order and Notice of Hearing. | 0.75 | 225.00 |
| 1/5/2011 | Review and analysis of Tanguy email to JAI discussing Evanston coverage issues he discussed with Marc Wojciechowski. | 0.33 | 100.00 |
| | Sending email to Marc Wojciechowski and client Tanguy circulating Amended Affidavit of Philippe Tanguy and Amended Affidavit Exhibits for summary judgment motion. | 0.25 | 75.00 |

| Philippe Tanguy | | Page | 38 |
|---|---|---|---|
| | | Hours | Amount |

| | | Hours | Amount |
|---|---|---|---|
| 1/5/2011 | Review and analysis of Marc Wojciechowski email to P. Tanguy requesting conference call to discuss coverage issues and substitution of counsel due to illness. | 0.25 | 75.00 |
| | Review and analysis of email from client Tanguy to JAI re Marc Wojciechowski advice on offer of settlement and means to set up Plaintiffs to pay attorney's fees if Plaintiffs' recovery not large enough | 0.25 | 75.00 |
| | Drafting and finalizing letter to H. Greene re proposed orders on Defendants' Motion to Compel Further Answers to Discovery and Motion to Schedule Defendants' Motion for Summary Judgment. | 1.25 | 375.00 |
| 1/6/2011 | Compiling and sending 11 emails to Marc Wojciechowski and client forwarding Motion to Compel  Discovery along wth attached exhibits -- the Plaintiffs' responses. | 1.75 | 525.00 |
| 1/7/2011 | Sending email to Marc Wojciechowski  informing him that Plaintiffs are contesting Motion for Continuance and want an immediate phone conference despite Denver hospital records proving JAI illness. | 0.25 | 75.00 |
| 1/8/2011 | Review and analysis of P. Tanguy's email to JAI and Marc Wojciechowski requesting a conference call to discuss JAI's health, substitution of counsel, trial strategy, Motion for Continuance and other matters. | 0.33 | 100.00 |
| | Legal research - initial review of case authorities "effect of granting continuance on prior discovery deadline?" | 3.50 | 1,050.00 |
| 1/9/2011 | Review and analysis of Tanguy email confirming telephone conference for 1-10-11 at 4:00 p.m. | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski short email confirming availability for conference on Monday, 1-10-11. | 0.25 | 75.00 |
| | Legal research re anticipated argument by Plaintiffs' counsel after Judge grants continuance depositions can not be taken because discovery deadline has passed. | 5.25 | 1,575.00 |
| 1/10/2011 | Review and analysis of Marc Wojciechowski email providing the number at which he should be called to set up telephone conference on 1-10-11. | 0.25 | 75.00 |
| | Composing and sending JAI email to Marc Wojciechowski -- stating JAI is in no condition to try a case 1-31-11 and referencing cardiologist Dr. Frank Rickman letter to that effect. | 0.25 | 75.00 |
| | Legal research  case authorities supporting continuance (trial based on illness of counsel; evidence required to prove medical letter, affidavit, and testimony. | 7.67 | 2,300.00 |

Philippe Tanguy

|  |  | Page | 39 |
|---|---|---|---|
|  |  | Hours | Amount |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/11/2011 | Preparation for and participation in initial phone conference with Court and Greene re Motion for Continuance. | 2.00 | 600.00 |
|  | Review and analysis of Marc Wojciechowski email providing instructions to get out letter re coverage and change of counsel. | 0.25 | 75.00 |
| 1/12/2011 | Preparation of Motion for Continuance based on medical grounds. | 4.50 | 1,350.00 |
|  | Composing and sending JAI email to Hilary Greene informing her of filing of Emergency Motion for Continuance and referring to 1/31/11 trial date. | 0.33 | 100.00 |
|  | Review and analysis of H. Greene email informing JAI that Plaintiffs are opposed to continuance and forwarding of subpoena for Dr. Frank Rickman,. | 0.25 | 75.00 |
|  | Review and analysis of Rickman subpoena. | 1.25 | 375.00 |
|  | Sending email to Marc Wojciechowski forwarding Emergency Motion for Continuance on medical grounds and status report of Denver case where JAI collapsed and stating position as to continuance and request that alternative counsel be obtained due to JAI disability. | 0.67 | 200.00 |
|  | Review of Plaintiffs' Response to Defendants' Emergency Motion for Continuance on Medical Grounds; analysis of Plaintiffs' arguments; and threat to take deposition of F. Rickman. | 3.50 | 1,050.00 |
| 1/13/2011 | Composing and sending email to Marc Wojciechowski and client P. Tanguy forwarding Plaintiffs' Opposition to Motion for Continuance, Defendant On Points' Reply to Plaintiffs' Opposition and exhibits supporting Defendants' Reply. | 0.33 | 100.00 |
|  | Composing and sending email to P. Tanguy confirming telephone conference at 1:00 p.m. for discussion of coverage issues and change of counsel. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski email to Sarah Couillard re agreement re coverage and intention to change counsel. | 0.33 | 100.00 |
|  | Review and analysis of Marc Wojciechowski email to JAI containing responses to questions concerning Evanston coverage. | 0.33 | 100.00 |
|  | Composing and sending JAI email to Marc Wojciechowski outlining questions concerning letter agreement re coverage and review of proposed agreement re coverage. | 2.50 | 750.00 |
|  | Preparation for and participation in phone conference on Motion for Continuance with Greene, Court Clerk, and Judge. | 1.75 | 525.00 |

Philippe Tanguy                                                                          Page      40

                                                                                        Hours    Amount

1/13/2011  Composing and sending JAI email to Marc Wojciechowski informing him of          0.33      100.00
           status on Motion for Continuance hearing in the 129th Court and reiterating
           interest position stated by in Marc Wojciechowski letter.

           Review and analysis of Marc Wojciechowski email to JAI clearing up On          0.33      100.00
           Point liability for interest question -- and stating interest coverage on
           Plaintiffs' claims against On Point.

           Preparation, drafting, filing Defendants' Reply to Plaintiffs' Response to     4.75    1,425.00
           Defendants' Motion for Continuance.

1/14/2011  Review and analysis of P. Tanguy and Marc Wojciechowski emails re              0.25       75.00
           attachments exchanged 1/14/11.

1/15/2011  Email from client Tanguy to JAI re final settlement of Evanston coverage       0.25       75.00
           issues.

1/17/2011  Review and analysis of email from client Tanguy to Marc Wojciechowski         0.25       75.00
           confirming that he has sent in signed originals of the waiver requested.

           Review and analysis of Marc Wojciechowski response email to P. Tanguy          0.25       75.00
           confirming intent to take Raymond Wells' deposition.

           Review and analysis of Tanguy email to Marc Wojciechowski explaining           0.33      100.00
           Fidencio Fuentes' continuing position with the company and potential
           testimony from Raymond Wells concerning availability of tickets and Tickets
           Solutions.

           Preparation and filing of Motion to Withdraw as ordered by 129th Court         3.50    1,050.00
           Judge.

           Review and analysis of email from Marc Wojciechowski to client Tanguy and      0.33      100.00
           JAI providing instructions for signing waiver; request for meeting to review
           JAI's file and other matters.

           Review of Marc Wojciechowski email providing instructions to JAI and           0.67      200.00
           Tanguy for turnover of responsibility of representation in case.

           Review and analysis of P. Tanguy email confirming that email original of       0.25       75.00
           coverage agreement was sent back to Marc Wojciechowski last week

           Review and analysis of client P. Tanguy email to Marc Wojciechowski            0.33      100.00
           explaining shortfall of tickets which On Point faced attempting to deliver
           tickets to Plaintiffs and potential testimony of Raymond Wells, the contact
           person at Tickets Solutions with whom On Point dealt.

1/18/2011  Review and analysis of email from P. Tanguy to JAI re Motion to Withdraw.      0.25       75.00

Philippe Tanguy

| | | Page | 41 |
|---|---|---|---|
| | | Hours | Amount |
| 1/18/2011 | Sending email forwarding Motion to Withdraw to Marc Wojciechowski and client. P. Tanguy. | 0.25 | 75.00 |
| | Composing and sending email from JAI to client P. Tanuy in response to Tanguy's email re Motion to Withdraw. | 0.25 | 75.00 |
| | Telephone conference with client P. Tanguy re transition of counsel and other matters with respect to case. | 0.75 | 225.00 |
| 1/19/2011 | Review and analysis of Marc Wojciechowski email to client Tanguy instructing Tanguy to call on cell phone 713-992-2995 for conference. | 0.25 | 75.00 |
| | Preparation for and participation in a phone conference with P. Tanguy and Marc Wojciechowski re Plaintiffs' recent shift in settlement demands | 1.00 | 300.00 |
| | Review and analysis of email from Marc Wojciechowski requesting conference call with respect to possible settlement. | 0.25 | 75.00 |
| | Review and analysis of P. Tanguy email to Marc Wojciechowski confirming conference call at 6:00 p.m. | 0.25 | 75.00 |
| | Telephone call to Marc Wojciechowski re possible necessity to change statements in appearance. | 0.25 | 75.00 |
| 1/20/2011 | Telephone call to Court informing Court of filing of proposed order and entry of appearance of Marc Wojciechowski (call to Court Coordinator.) | 0.33 | 100.00 |
| | Review and analysis of Marc Wojciechowski letter email to JAI informing him of Court docket electronic docket notice and need to confirm signing of continuance order . | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email requesting interpretation of Court's electronic docket entry re continuance. | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski email to JAI and P. Tanguy confirming filing of new pleading by Plaintiffs and dropping of negligence claim "in light of JAI's Motion for Summary Judgment." Marc Wojciechowski 's statement of intent to force dismissal of Philippe Tanguy and On Point Holdings as they have no connection with case. | 0.25 | 75.00 |
| | Review and analysis of email from client P. Tanguy re Plaintiffs' filing of Fourth Amended Petition in which negligence claim deleted. | 0.25 | 75.00 |
| | Review and analysis of Tanguy email to Marc Wojciechowski asking for interpretation as to why Plaintiffs would dismiss negligence claim | 0.25 | 75.00 |
| | Review of Marc Wojciechowski Entry of Appearance. | 0.33 | 100.00 |

| Philippe Tanguy | | Page | 42 |
|---|---|---|---|
| | | Hours | Amount |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/20/2011 | Download and review of Plaintiffs' Fourth Amended Petition. | 1.33 | 400.00 |
| | Review and analysis of Marc Wojciechowski 's email to P. Tanguy explaining reason for dismissal of negligence claim by Plaintiffs. | 0.25 | 75.00 |
| 1/21/2011 | Research of case docket research; confirming Judge signed Order of Withdrawal; download and review of signed order. | 1.00 | 300.00 |
| | Composing and sending email to Marc Wojciechowski explaining that no notice has been received that continuance order has been signed but electronic docket entry has been made indicating that a continuance was granted.  Describing JAI medical condition. | 0.50 | 150.00 |
| | Review and analysis of Marc Wojciechowski 's letter to client Philippe Tanguy outlining settlement strategy and occurrences in case since Marc Wojciechowski  made his appearance. | 0.33 | 100.00 |
| | Composing and sending lengthy email to Marc Wojciechowski  re difficulty in getting continuance order signed before Judge Gomez leaves for judicial conference; state of JAI health and settlement strategy; stating that JAI is ready to begin transferring legal research at Marc Wojciechowski's direction. | 0.50 | 150.00 |
| | Research of electronic docket; re-effort to confirm Judge Signing order granting continuance. | 0.75 | 225.00 |
| 1/23/2011 | Review and analysis of P. Tanguy response to Marc Wojciechowski requesting copying and delivery of exhibits and other factual evidence needed for representation. | 0.33 | 100.00 |
| | Review and analysis of client Tanguy email to Marc Wojciechowski informing Marc that he is unable to get to transferring documents to Marc Wojciechowski  for two weeks due to the "stress of the SuperBowl." | 0.25 | 75.00 |
| 1/24/2011 | Review and analysis of Marc Wojciechowski  email to client Philippe Tanguy and JAI re "I am ready for transfer of documents and prefer computer scanned information." | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski  email to P. Tanguy stating he can get documents and exhibits to Marc Wojciechowski  two weeks after the SuperBowl. Expressing preference for delivery of   electronic copies. | 0.25 | 75.00 |
| | Sending email to Marc Wojciechowski  updating him on medical condition and possible date for transfer of files. | 0.25 | 75.00 |
| 1/26/2011 | Review and analysis of Hilary Greene email forwarding five sets of additional Plaintiffs' disclosure responses | 0.25 | 75.00 |

Philippe Tanguy                                                                    Page      43

                                                                         Hours      Amount

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/28/2011 | Review and analysis of Marc Wojciechowski email confirming that case was taken off docket for trial based on medical continuance. | 0.25 | 75.00 |
| 1/31/2011 | Telephone conference with Defendants' Expert Gina Henry verifying that 1-31-2011 trial date has been continued. | 0.25 | 75.00 |
| 2/9/2011 | Composing and sending email to P. Tanguy updating him on forwarding of exhibits of Magliano deposition and Marc Wojciechowski. | 0.25 | 75.00 |
| 2/20/2011 | Telephone conference between JAI and Marc Wojciechowski; Marc Wojciechowski relates Plaintiffs' claim that discovery deadline has expired and no new discovery can be noticed; JAI informs Marc Wojciechowski "I suspected that would happen and will forward authority supporting additional discovery. | 0.33 | 100.00 |
| 2/23/2011 | Review and analysis of P. Tanguy email re settlement demand / procedure nvoked by Marc Wojciechowski. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski  email to S. Couillard forwarding Declaration invoking settlement procedure and correspondence to Plaintiffs' counsel. | 0.25 | 75.00 |
| 2/24/2011 | Review and analysis of Marc Wojciechowski email forwarding settlement procedure documents and letter. | 0.25 | 75.00 |
|  | Review and analysis of P. Tanguy email to Marc Wojciechowski and JAI re invoking of settlement procedure. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski email forwarding declaration to invoke settlement procedure and letter correspondence concerning same to all parties. | 0.25 | 75.00 |
|  | Composing and sending email to Marc Wojciechowski noting approval of the Motion and settlement offer correspondence. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski email acknowledging receipt of JAI email and stating intention to file Declaration of Settlement Procedure and send letter correspondence to Plaintiffs' counsel. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski email to P. Tanguy informing him that Evanston's contribution to settlement is still on the table, and if the settlement offer is going to be made at $100,000,  that Marc Wojciechowski is going to demand deposition of the claimants. | 0.25 | 75.00 |
|  | Review and analysis of Defendants' Declaration Invoking offer of Settlement Procedure forwarded by Marc Wojciechowski with email. | 0.67 | 200.00 |

Philippe Tanguy                                                                                          Page      44

|  |  | Hours | Amount |
|---|---|---|---|
| 2/24/2011 | Review and analysis of Marc Wojciechowski letter to Plaintiffs' counsel James Moriarty invoking the settlement procedures under Rule 167 T.R.Civ.P. and § 42.002 Texas Civil Practice and Remedies Code. | 0.25 | 75.00 |
| 2/26/2011 | Composing and sending email to Marc Wojciechowski forwarding case authority supporting new scheduling order if case is continued for more than thirty days. | 0.75 | 225.00 |
| 2/28/2011 | Review and analysis of P. Tanguy email to Marc Wojciechowski asking whether Marc can make effort to force Plaintiffs to drop Tanguy personally as a Defendant. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski's letter to Plaintiffs' counsel demanding new discovery deadlines in light of continuance. | 0.50 | 150.00 |
|  | Review and analysis of Marc Wojciechowski email forwarding correspondence which was sent to Plaintiffs' counsel that morning | 0.25 | 75.00 |
| 3/1/2011 | Review and analysis of Marc Wojciechowski email to P. Tanguy instructing him to provide dates for discovery which are best for his schedule and forwarding Hillary Greene objections to discovery contained in email dated 3/1/11. | 0.50 | 150.00 |
|  | Review and analysis of P. Tanguy email providng dates he is available for trial to Marc Wojciechowski and checking JAI calendar to determine if JAI is available to assist on those dates. | 0.25 | 75.00 |
| 3/2/2011 | Review and analysis of Marc Wojciechowski original and Amended Notices of Hearing on Application for New Scheduling Order and Trial Date. | 0.33 | 100.00 |
|  | Review and analysis of email from Marc Wojciechowski acknowledging receipt of authority and stating he will incorporate it into the "motion to be filed this morning." | 0.25 | 75.00 |
| 3/9/2011 | Review and analysis of P. Tanguy email to JAI requesting JAI's input concerning change in settlement posture. | 0.25 | 75.00 |
|  | Review and analysis of Marc Wojciechowski email to Sarah Couillard re new developments in case; Plaintiffs alter their settlement posture to "drop" demand that Phliippe Tanguy and On Point admit to fraud. | 0.25 | 75.00 |
| 3/10/2011 | Composing and sending JAI email to P. Tanguy providing JAI's input as requested concerning current settlement posture. | 0.33 | 100.00 |
| 3/11/2011 | Review and analysis of client Tanguy email to Marc Wojciechowski requesting instructions re followup to settlement and reimbursement of attorney's fees with Evanston. | 0.25 | 75.00 |

Philippe Tanguy

Page    45

| | | Hours | Amount |
|---|---|---|---|
| 3/11/2011 | Review and analysis of client Tanguy email to Marc Wojciechowski reminding Marc to obtain release of Tanguy as a personal defendant. | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski email to Sarah Couillard forwarding Hilary Greene email "Plaintiffs accept the $100,000 settlement offer." | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email to Marc Wojciechowski re attorney's fee reimbursement from Evanston for fees paid to JAI. | 0.25 | 75.00 |
| | Review and analysis of Hilary Greene letter dated 3/10/11 accepting $100,000 offer of settlement.  Posting same to file. | 0.33 | 100.00 |
| | Review and analysis of Marc Wojciechowski email to P. Tanguy assuring Tanguy that he will be released as a personal defendant. | 0.25 | 75.00 |
| | Review and analysis of Marc Wojciechowski email instruction to client Tanguy to forward all invoices and cancelled checks to Evanston. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email to JAI and Marc Wojciechowski expressing his feelings about ultimate outcome of the case. | 0.25 | 75.00 |
| 3/14/2011 | JAI Review and analysis with client of steps necessary to enter and enforce a settlement. | 0.25 | 75.00 |
| 3/15/2011 | Review and analysis of client P. Tanguy email providing JAI instructions re reading of spread sheet and calculation of costs and attorney's fees paid for Horowitz case. | 0.25 | 75.00 |
| 3/20/2011 | Review and analysis of P. Tanguy's email posing questions re hearings in the Freeman case and necessity of trial preparation. | 0.33 | 100.00 |
| 3/29/2011 | Review and analysis of Marc Wojciechowski email "We are at the end of a long road" and giving instructions to client Tanguy for executing documents and closing out case. | 0.33 | 100.00 |
| | Review and analysis of Marc Wojciechowski email to client Tanguy instructing him not to be concerned about scrivener's error i.e. misspelling of his name in settlement documents. | 0.25 | 75.00 |
| | Review and analysis of client Tanguy email complaining that his name is misspelled in settlement documents. | 0.25 | 75.00 |
| 3/30/2011 | Review and analysis of Sarah Couillard email dated 3/30/11 to client P. Tanguy notation in further correspondence regarding claim under Evanston policy should include claim No. EO250821 | 0.25 | 75.00 |

Philippe Tanguy

Page    46

| | | Hours | Amount |
|---|---|---|---|
| 3/30/2011 | Review and analysis of thirteen page of Settlement, Compromise and Release which puts and end to the case. | 1.33 | 400.00 |
| | Review and analysis of Sarah Couillard concluding email to client Tanguy and JAI requesting provisions of invoices, bills, and proof of payment for attorney's fees. | 0.25 | 75.00 |
| | Review and analysis of P. Tanguy email forwarding Excel schedule of legal fees and charges.  Review of Excel schedule. | 0.75 | 225.00 |
| | Review and analysis of client Tanguy email to Sarah Couillard requesting instruction re submitting proof of payment of attorney's fees and costs for claim under policy. | 0.25 | 75.00 |
| | Composing and sending JAI email to client Tanguy re review of spread sheet of legal fees paid submitted by client. | 0.25 | 75.00 |
| | For professional services rendered | 998.97 | $289,458.34 |

Additional Charges :

| | | |
|---|---|---|
| 11/3/2008 | Postage/copy charges Defendants' Original Answer to Plaintiffs. | 6.91 |
| | Prodoc fee for Tanguy Original Answer with affirmative defenses. | 7.24 |
| 11/16/2009 | Parking charges for hearing. | 10.00 |
| | Postage/copy charges Responses to Plaintiffs' First Set of Written Discovery. | 10.66 |
| | Prodoc filing fee for Tanguy  Opposition Motion to  Compel with Exhibits A, B, and C  30 pages | 7.24 |
| 11/30/2009 | Postage/copy charges Privilege Log documents. | 5.71 |
| | Copy charges for Privilege Log documents submitted | 120.00 |
| | Prodoc filing fee Tanguy Horowitz Privilege Log Response with Privilege Log  - 6 pages | 7.24 |
| 12/18/2009 | Prodoc filing fee for Tanguy Motion for Summary Judgment, with Ex. A, Tanguy Affidavit, and Tanguy Affidavit Exhibits - 82 pages | 7.27 |
| | Postage/copy charges Motion for Sanctions | 16.45 |
| 12/30/2009 | Postage/copy charges First Amended Answer | 5.71 |

Philippe Tanguy                                                                      Page    47

|  |  | Amount |
|---|---|---|
| 1/11/2010 | Parking fee | 10.00 |
| 2/9/2010 | Postage/copy charges Motion for Sanctions and Notice of Hearing | 6.91 |
|  | Prodoc filing fee for Tanguy Motion for Sanctions for Failure to Attend Mediation - 5 pages | 8.35 |
|  | Prodoc fee for filing Tanguy Notice of Hearing on Sanctions Motion - 1 page | 8.35 |
| 2/12/2010 | Prodoc fee for filing  Response to Plaintiffs' 2nd Motion to Compel - 4 pages | 8.35 |
|  | Postage/copy charges Response to Plaintiffs' 2nd  Motion to Compel | 1.41 |
| 2/15/2010 | Parking charges for hearing | 10.00 |
| 3/2/2010 | parking | 10.00 |
| 3/18/2010 | Postage/copy charges 18 sets of Interrogatories and Requests for Production. | 36.05 |
| 4/7/2010 | Prodoc fee for Document Being Filed:  Deposition Notice of Expert, | 8.35 |
|  | Postage/copy charges Deposition Notice | 6.14 |
| 4/13/2010 | Postage/copy charges Second Notice of Deposition. of Expert. | 7.14 |
|  | Postage/copy charges Designation of Expert | 7.14 |
|  | Document Being Filed: Tanguy Horowitz Depo Notice of Expert  for 1:00 p.m. 4-16-2010 at Moriarty's offices -  4 pages | 8.35 |
|  | Prodoc fee for  On Point Designation of Expert 8 pages | 8.35 |
| 4/14/2010 | Prodoc fee for  OnPoint Certificate of Discovery - 1 page | 8.35 |
|  | Postage/copy charges Defendants' Answers to Plaintiffs' Second Set of Interrogatories and Third Set of Requests for Production | 11.66 |
| 4/21/2010 | Prodoc fee for  On Point Amended Notice of Expert Deposition  3 pages | 8.35 |
|  | Postage/copy charges Amended Notice of Deposition on Expert. | 6.14 |
| 4/22/2010 | Postage/copy charges Motion to Compel Mediation and Depositions | 10.06 |

Philippe Tanguy                                                                  Page     48

|                |                                                                                      | Amount |
|----------------|--------------------------------------------------------------------------------------|--------|
| 4/22/2010      | Prodoc filing fee for On Point Hearing Notice Mo to Compel Mediation and Depos - 2 pages | 8.35   |
|                | Prodoc filing fee for On Point Motion to Compel Mediation and Depositions with EX A - 15 pages | 8.35   |
| 4/26/2010      | Parking charges                                                                      | 10.00  |
| 7/9/2010       | Prodoc fee Proposed order on Motion for Limited Access 2 pages                        | 8.35   |
|                | Efiling fee for Motion for In Camera Access Notice of Hearing 1 page                  | 8.35   |
|                | Prodoc filing fee  Motion for Limited Access to In Camera Documents  4 pages          | 8.35   |
| 7/19/2010      | Postage/copy charges in Camera Documents                                             | 34.95  |
| 9/21/2010      | Tabs for mandamus original  and copies                                               | 70.00  |
| 9/22/2010      | Certified copies of documents for Mandamus                                           | 6.00   |
|                | Postage and Copies for Mandamus to Greene                                            | 40.10  |
|                | Certified copies                                                                     | 10.00  |
| 9/23/2010      | Copy charges                                                                         | 300.00 |
|                | Parking meter for filing Mandamus at Court of Appeals                                | 0.75   |
|                | Mandamus filing fee                                                                  | 125.00 |
|                | Motion fee                                                                           | 10.00  |
| 10/14/2010     | Efiling fee for Motion to Enlarge Time Within Which to Answer Plaintiff's  Discovery | 8.35   |
| 11/4/2010      | Continental Court Reporter's fee for Magliano deposition                             | 2,618.35 |
| 11/30/2010     | Tabs for original and 11 copies of mandamus to Supreme Court plus additional copies. | 70.00  |
| 12/1/2010      | Fee for Motion for Emergency Stay                                                    | 10.00  |
|                | Fee for Petition for Mandamus in Texas Supreme Court.                                | 125.00 |
|                | Copy charges for Supreme Court Mandamus                                              | 320.00 |
|                | Postage for sending Mandamus to Supreme Court                                        | 22.50  |

Philippe Tanguy                                                                      Page     49

                                                                                            Amount

12/8/2010 Postage/copy charges Notices of Deposition for five Plaintiffs.                     9.66

          Prodoc fee for Douglas Freeman  Deposition  Notice                                  8.35

          Prodoc fee for  James  Peterson Deposition  Notice                                  8.35

          Prodoc fee for David Horowitz Deposition  Notice                                    8.35

          Prodoc fee for Paul Hazzen Deposition  Notice                                       8.35

          Prodoc fee for Hazzem Chehabi  Deposition  Notice                                   8.35

12/10/2010  OnPoint Motion to Compel Depositions 121010 with J. A. Izen, Affidavit and exhibits.   8.35

          Prodoc fee OnPoint Request for Emergency Hearing                                    8.35

          Postage/copy charges Motion to Compel Depositions with JAI Affidavit and exhibits and   14.66
          Request for Emergency Hearing.

12/21/2010  Motion to ContinueTrial  with four exhibits and order                             8.35

          Tanguy Horowitz Tanguy Mo to Compel Discovery  with ten exhibits and order          8.35

          Postage/copy charges Motion to Compel Discovery and Motion to Continue Trial        14.66

12/29/2010 Parking charges                                                                   10.00

12/30/2010 Prodoc filing fee for Tanguy First Amended Answer - 9 pages                        8.35

                                                                                       _____
          Total costs                                                                   $4,349.11

                                                                                       _____
          Total amount of this bill                                                   $293,807.45

8/24/2009 Payment - thank you                                                          ($4,000.00)
3/23/2010 Payment - thank you                                                          ($8,500.00)
12/21/2010 Payment - thank you Reimbursement for Continental Court Reporters.           ($2,618.35)

          Total payments and adjustments                                              ($15,118.35)

Philippe Tanguy

Page    50

_____ Amount

Balance due                                                    $278,689.10

Please make checks payable to Joe Alfred Izen, Jr.

2015-74639 / Court: 270

# EXHIBIT B

# WOJCIECHOWSKI & ASSOCIATES, P.C.
## ATTORNEYS AT LAW
### 17447 KUYKENDAHL ROAD, SUITE 200
### SPRING, TEXAS 77379
TELEPHONE: (281) 999-7774
FACSIMILE: (281) 999-1955

2315-060

February 26, 2010

*Via Certified Mail, Return Receipt Requested*
*and Email: pt@onpointsports.com*
Mr. Philippe Tanguy
Individually and as Representative of
On Point Holdings, L.L.C.
3939 Essex Lane Suite 100
Houston, Texas 77027

|       |              |                                                                                                                               |
|-------|--------------|-------------------------------------------------------------------------------------------------------------------------------|
| Re:   | **Insured:**   | On Point Events, LP                                                                                                           |
|       | **Claimants:** | David Horowitz, et al                                                                                                         |
|       | **Policy No.:** | EO-835488                                                                                                                    |
|       | **Claim No.:** | EO250821                                                                                                                      |
|       | **Lawsuit:**   | Cause No. 2008-57883, *David Horowitz, et al. v. On Point Holdings, LLC, et al.*, In the 129th Judicial District Court of Harris County, Texas. |

Dear Mr. Tanguy:

As previously advised, Markel Service, Incorporated as the claims service manager for Evanston Insurance Company (collectively referred to hereinafter as "Evanston") retained this law firm to represent its interests in regards to coverage with reference to the above matter. I have had an opportunity to review the policy of insurance referenced above, Plaintiffs' First Amended Petition which has been superseded, Plaintiffs' Second Amended Petition filed in the above referenced lawsuit which is currently the live pleading, and the relevant legal authorities. Based upon my review of this information, Evanston will continue to provide a defense to On Point Holdings, L.L.C. d/b/a On Point Sports and Philippe Tanguy (sometimes collectively referred to hereinafter as "On Point") in the above entitled and numbered lawsuit for the reasons discussed below, but expressly subject to this reservation of rights.

## THE EVANSTON POLICY OF INSURANCE

### The Policy In General.

Evanston issued to On Point Events, L.P.; D/B/A: On Point Sports, a Professional Liability Insurance for Specified Professions policy No. EO-835488 with a coverage period extending from January 21, 2008 to January 21, 2009 and a retroactive date of January 21, 2008 the ("Policy"). This Policy of insurance is a "claims made" Policy. This Policy of insurance has a $1,000,000.00 per claim limit with a $1,000,000.00 Policy aggregate limit, and a $5,000.00 deductible applicable to each claim, including claim expenses. Item 4 of the Declarations of the Policy states the professional services rendered by On Point Events, L.P. D/B/A On Point Sports is "Travel Agent and Tour Broker for others for a fee".

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 2

### The Policy's Insured And Coverage.

The Policy identifies and defines to whom coverage is provided as follows:

### THE INSURED

1.   **The Insured:** The unqualified word "insured" whenever used in this Policy means:

    (a) the Named Insured, who is defined herein as the individual, partnership, or corporation designated in Item 1 of the Declarations including any partner, executive officer, director or stockholder of such designated firm solely while acting within the scope of their duties as such;

    (b) any employee of the Named Insured or predecessor firm as designated in Item 2 of the Declarations solely while acting in their professional capacity on behalf of the said firms;

    (c) any former partner, director, or employee of the Named Insured or predecessor firm as designated in Item 2 of the Declarations solely while acting within their professional capacity on behalf of said firms;

    (d) as respects the liability of each insured above as is otherwise covered herein, the heirs, executors, administrators, assigns and legal representatives of each of the above insureds in the event of death, incapacity or bankruptcy.

2.   **Firm Changes:** Any changes among the partners or stockholders of the Named Insured during the policy period, even though it results in changes in the name of the firm, shall not affect this insurance.

### The Insuring Agreement.

The Policy's insuring agreement provides as follows:

### THE COVERAGE

1.   **Professional Liability and Claims Made Clause:** To pay on behalf of the Insured all sums in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay as damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD by reason of any act, error or omission in professional services rendered or that should have been rendered by the Insured or by any person for whose acts, errors or omissions the Insured is legally responsible, and arising out of the conduct

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 3

of the professional services of the Insured as described in Item 4 of the
Declarations;

PROVIDED ALWAYS THAT such act, error or omission happens:

(a)    during the policy period, or

(b)    subsequent to the Retroactive Date specified in the Declarations,
provided that prior to the effective date of this policy the Insured
had no knowledge of circumstances, involving such act, error or
omission, which may result in a claim under this policy.

### The Policy's Limits of Liability.

As indicated above and stated in the Declarations of the Policy, the Policy's per claim
limit and aggregate limit is $1,000,000.00. In that regard the Policy provides:

### LIMITS OF LIABILITY

1.    **Limits of Liability – Each Claim:** The liability of the Company for
damages and claim expenses for each claim FIRST MADE AGAINST
THE INSURED DURING THE POLICY PERIOD or the Extended
Discovery Period, if purchased, shall not exceed the amount stated in the
Declarations for "each claim."

2.    **Limit of Liability – Policy Aggregate:** Subject to 1. Limit of
Liability – Each Claim, the liability of the Company for damages and
claim expenses shall not exceed the amount stated in the Declarations as
"aggregate" as a result of all claims FIRST MADE AGAINST THE
INSURED DURING THE POLICY PERIOD and the Extended Discovery
Period, if purchased.

3.    **Deductible:** The deductible amount stated in the Declarations shall be
paid by the Named Insured and shall be applicable to each claim and shall
include loss payments and claim expenses, whether or not loss payment is
made.

Such amounts shall, upon written demand by the Company, be paid by the
named Insured within thirty (30) days. The total deductible payments
requested from the Named Insured in respect of each claim shall not
exceed the deductible amount stated in the Declarations.

The determination of the Company as to the reasonableness of the claim
expenses shall be conclusive on the Named Insured.

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 4

4. **Multiple Insureds, Claims and Claimants:** The inclusion herein of
more than one Insured or the making of claims or the bringing of suits by
more than one person or organization shall not operate to increase the
Company's limit of liability. Two or more claims arising out of a single
act, error or omission or a series of related acts, errors or omissions shall
be treated ass a single claim. All such claims, whenever made, shall be
considered first made on the date on which the earliest claim arising out of
such acts, errors or omissions was first made, and all such claims shall be
subject to the same limit of liability.

5. **Payment of Claim Expenses:** Subject to the Named Insured's obligation
to pay his deductible as set forth in LIMITS OF LIABILITY 3, which
includes an obligation to pay damages and claim expenses, the Company
shall pay claim expenses subject to the applicable limits of liability.

**Claim expenses** means, whenever used in this policy;

(a) fees charged by any lawyer designated by the Company;

(b) all other fees, costs and expenses resulting from the investigation,
adjustment, defense and appeal of a claim, if incurred by the
Company;

(c) fees charged by any lawyer designated by the Insured with the
written consent of the Company.

However, "claim expenses" does not include salary charges of regular
employees or of the officials of the Company or any supervisory counsel
retained by the Company.

## The Policy's Definition Of "Damages".

On Page 1 of the Policy, it sets out a definition of the term "**Damages**". That definition
reads in full as follows:

**Damages** means, whenever used in this policy, a monetary judgment, award or
settlement and does not include:

(a) punitive or exemplary damages, any damages which are a multiple of
compensatory damages, or fines or penalties;

(b) the restitution of consideration and expenses paid to the Insured for
services or goods;

(c) judgments or awards arising from acts deemed uninsurable by law.

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 5

## Intentional Act Exclusion.

The Policy also contains certain exclusions on Page 3 under the heading "THE
EXCLUSIONS." Under that heading, the Policy provides in part:

**This Policy Does not Apply:**

      (a)    To any claim based upon or arising out of any dishonest,
deliberately fraudulent, malicious or knowingly wrongful act or omission
committed by or at the direction of the Insured. However, notwithstanding the
foregoing, the company shall provide a defense for such claim without any
liability on the part of the Company to pay such sums as the Insured shall become
legally obligated to pay as damages.

## THE RELEVANT CLAIM AND LAWSUIT

Cause No. 2008-57883; styled *David Horowitz, Michelle Horowitz, Andrew Horowitz,
Pamela Horowitz, Jeffrey Horowitz, Douglas Freeman, Lynn Freeman, Brett Freeman, Paul
Merage, Lilly Merage, Richard Merage, James Peterson, Sheila Peterson, Hazzem Chehabi,
Salma Chehabi, Hekmai Chehabi, Eyad Chehabi, and Heithan Chehabi* (collectively hereinafter
referred to as the "Plaintiffs") *v. On Point Holdings, L.L.C., D/B/A On Point Sports and Philippe
Tanguy* was filed by numerous plaintiffs in the 129th Judicial District Court of Harris County,
Texas on September 29, 2008 ("Lawsuit"). Evanston received the Lawsuit, which was its first
notice of the claim, on October 24, 2008. The Lawsuit indicates one of the defendants named
therein is "On Point Holdings" and describes it as "a Limited Liability Corporation doing
business in Houston, Harris County as On Point Sports." The Lawsuit identifies as another
Defendant, "Philippe Tanguy", and states that he "is a principal of On Point Holdings, L.L.C.".

Thereafter, the Plaintiffs in the Lawsuit twice amended their pleading. However,
Evanston did not receive from On Point a copy of Plaintiffs' First Amended Petition filed on
November 13, 2008 despite Evanston's request in my January 29, 2009 letter to send all new and
additional information to my attention. Evanston did not receive from On Point a copy of
Plaintiffs' Second Amended Petition until, or about, January 27, 2010 although that pleading
had been filed on December 30, 2009. Plaintiffs' Second Amended Petition appears to be the
live pleading under which claims are now being asserted by the Plaintiffs.

The Lawsuits live pleading is Plaintiffs' Second Amended Petition. Plaintiffs generally
complain that On Point promised certain travel-related services and specified tickets for the 2008
Summer Olympics that were held in Beijing, China, but did not provide the same. In the
Lawsuit, the Plaintiffs contend, among other things, that they "paid $282,605.00 to Defendants
for these packages" related to attending the Beijing Olympics. Plaintiffs further state that the
"Plaintiffs arranged for and purchased their own airfare [that] … was over $90,000.00."

In Plaintiffs' Second Amended Petition, Plaintiffs assert claims for alleged violations of
the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"). These DTPA

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 6

claims and associated damages are the material differences between the Lawsuit's First
Amended Petition and Second Amended Petition.  Plaintiffs assert the DTPA claims in
Paragraphs 26 and 27 of the Second Amended Petition.  Those DTPA claims in full read as
follows:

DTPA

      26.     Defendants, individually and/or through their agents, engaged in
false, misleading or deceptive acts or practices in violation of Chapter 17 of the
Texas Business and Commerce Code (DTPA).  Plaintiffs allege Defendants
violated DTPA sections 17.46(b) (5), (7), (12), (24) and sections 17.50(a)(1), (3)
by representing that goods or services have characteristics, uses, benefits and/or
quantities which they do not have; representing that goods or services are of a
particular standard, quality, or grade if they are of another; representing that an
agreement confers or involves rights, remedies, or obligations which it does not
have or involve; failing to disclose information concerning goods or services
which was known at the time of the transaction where such failure to disclose
such information was intended to induce Plaintiffs into a transaction into which
Plaintiffs would not have entered had the information been disclosed.

      27.     Defendants' false, misleading and deceptive acts and practices are
the proximate and/or producing cause of the Plaintiffs' damages.  In addition,
Defendants' conduct was intentional and/or knowing.

    In the Lawsuit, Plaintiffs also contend they "entered into valid and binding contracts with
Defendants for travel packages."  They further contend that the "Defendants failed to perform
their duties as required by the terms and conditions of the contracts."  Plaintiffs contend On Point
"also made it clear that they guaranteed delivery of every ticket order."

    Finally, Plaintiffs contend that they "suffered damages as a result of the Defendants'
failures" and the "damages include all amounts paid for travel expenses incurred by Plaintiffs
including, but not limited to expenses for Opening Ceremony tickets, event tickets, hotel, airfare
and ground transportation."  Plaintiffs also "seek additional, exemplary and/or punitive damages
and attorney's fees as allowed by DTPA §17.50, §27.01 of the Tex. Bus & Com Code and/or the
common laws of the state of Texas."  Plaintiffs seek to recover from On Point an unspecified
amount of damages in the Lawsuit.

## COVERAGE DETERMINATION

    Evanston will continue to provide a defense to On Point Holdings, L.L.C. and Philippe
Tanguy in Lawsuit for the reasons set forth below, but subject to this supplemental reservation of
rights.

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 7

## Claims Brought Against An Insured.

The Texas Lawsuit indicates the first Defendant is On Point Holdings, L.L.C. D/B/A On
Point Sports ("On Point Holdings") and the second Defendant is Philippe Tanguy, "a principal of
On Point Holdings, L.L.C." (hereinafter "Tanguy"). On Point Holdings is not a named "Insured"
under the Policy. However, we believe On Point Holdings is a minority partner of the Named
Insured, ON POINT EVENTS, L.P.; D/B/A: ON POINT SPORTS. Likewise, we believe
Tanguy is an owner of the Named Insured, ON POINT EVENTS, L.P.; D/B/A: ON POINT
SPORTS. Please promptly advise us if our understanding is incorrect. Otherwise, we will
consider both defendants our insureds under the Policy.

## No Coverage For Restitution Claims.

The Plaintiffs in the Lawsuit seek as damages (Paragraph 30) "all amounts paid to
Defendants for expenses for Opening Ceremony tickets, event tickets, hotel, airfare and ground
transportation". Under the Policy, "**Damages**" do not include "the restitution of consideration
and expenses paid to the Insured for services or goods." These damage claims merely seek the
"amounts paid to Defendants." The Policy excludes "expenses paid to the Insured." For this
reason, Evanston is reserving all rights to limit or deny coverage and/or indemnification under
the Policy for any damages related to the restitution claims, including its right to withdraw from
the defense if the same is warranted.

## No Coverage For Certain Damages.

In the Lawsuit, Plaintiffs seek recovery of additional, exemplary and/or punitive damages
in Paragraphs 31 and 34. The Policy's definition of the term "**Damages**" specifically states it
"does not include: (a) punitive or exemplary damages, any damages which are a multiple of
compensatory damages, or fines or penalties." Accordingly, Evanston is reserving all rights to
limit or deny coverage and/or indemnification under the Policy for any "punitive or exemplary
damages, any damages which are a multiple of compensatory damages, or fines or penalties" that
may be awarded to the Plaintiffs.

## No Coverage For Intentional Act Claims.

In the Lawsuit, the Plaintiffs allege that On Point committed intentional acts that caused
or contributed to their damages. Specifically, the Plaintiffs assert in Paragraph 26 of their live
pleading that On Point's "failure to disclose such information was *intended* to induce Plaintiffs
into a transaction in which Plaintiffs would not have entered had the information been
disclosed." (emphasis added). As stated above, the Policy excludes coverage for "any claim
based upon or arising out of any ... knowingly wrongful act or omission committed by or at the
direction of the Insured." For this reason, Evanston is reserving all rights to limit or deny

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 8

coverage and/or indemnification under the Policy for any damages related to intentional acts
committed by On Point.

**Defense Costs.**

To the extent that On Point incurred fees and expenses prior to requesting coverage from
Evanston, such fees and expenses will not be reimbursed by Evanston. Nor will any such fees
and expenses be credited toward On Point's $5,000.00 deductible. With regards to the fees and
expenses incurred in defense of the Lawsuit after putting Evanston on notice of the Lawsuit,
please forward invoices to Evanston in accordance with the defense counsel guidelines
previously provided to Mr. Izen by my office on two separate occasions, those being on January
29, 2009 and November 30, 2009. To date, Evanston has received no invoices from Mr. Izen.

**Additional Reservation Of Rights.**

Evanston's coverage decision is based solely upon the allegations known at this time that
are asserted against On Point and Tanguy in the Lawsuit. Evanston reserves the right to amend
this coverage decision as additional information is learned and discovered. Evanston also
reserves its rights to deny coverage based upon all other terms, conditions, exclusions and
endorsements contained in the Policy. In the event you receive additional information or are
served with an amended or supplemental pleading in the Lawsuit, please immediately forward
the same to Evanston for consideration given that may impact this coverage decision.

If you disagree with Evanston's coverage determination, please do not hesitate to provide
me with your reasons in writing. I will gladly consider any written submission that you provide
and forward the same to Evanston for consideration.

Very truly yours,

WOJCIECHOWSKI & ASSOCIATES, P.C.

Marc J. Wojciechowski

MJW/mo

Mr. Philippe Tanguy, Individually and as
Representative of On Point Holdings, L.L.C.
Page 9


cc:     *Via E-Mail: imcdonough@markelcorp.com*
        Ms. Jeanette Bourey McDonough
        Claims Counsel
        Markel Service, Incorporated
        Ten Parkway North, Suite 100
        Deerfield, Illinois 60015

        *Via Email: scouillard@markelcorp.com*
        Sarah Johnston Couillard
        Claims Examiner
        Markel Shand, Inc.
        Ten Parkway North, Suite 100
        Deerfield, IL 60015

        *Via Facsimile: 713-668-9402*
        Joe Alfred Izen, Jr.
        5222 Spruce Street
        Bellaire, Texas 77401

        *Via Facsimile: 469-791-9247*
        All Risks, Ltd.
        12400 Coit Road
        Dallas, Texas 75251

hp LaserJet *3015*

HP LASERJET FAX

Feb-26-2010  12:27AM



## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 355 | 2/26/2010 | 12:25:38AM | Send | 2814951829 | 1:45 | 4 | OK |

JOE ALFRED IZEN, JR.
IZEN & ASSOCIATES, P.C.
ATTORNEYS AT LAW

5222 SPRUCE STREET – BELLAIRE, TEXAS 77401
(713) 668-8815 Telephone / (713) 668-9402 Fax

TRANSMITTAL SHEET

DATE:        2-26-10

TO:          Mr. Ken Ryals          281-495-1829

TELEPHONE NO.:

FACSIMILE NO.:

FROM:        Joe Alfred Izen, Jr.

DOCUMENT:

CLIENT:      ETIT v. Ogden, Et Al

MATTER:      Letter re changing date and time for meeting

MESSAGE:     *Also resend of previous letter*

                         Thank You,
                         Karen Cooley, Legal Assistant

NUMBER OF PAGES INCLUDING COVER SHEET:

                    NOTICE

This facsimile contains CONFIDENTIAL INFORMATION which also may be LEGALLY PRIVILEGED and which is intended for the use of the Addressee(s) named above. If you are not the intended recipient of the facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the Postal Service.

hp LaserJet *3015*



HP LASERJET FAX

Feb-25-2010   7:06PM

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 348 | 2/25/2010 | 6:55:18PM | Send | 19799660799 | 2:54 | 4 | OK |
| 349 | 2/25/2010 | 6:58:17PM | Send | 19798267738 | 1:10 | 4 | OK |
| 350 | 2/25/2010 | 6:59:32PM | Send | 7136321729 | 1:59 | 4 | OK |
| 351 | 2/25/2010 | 7:01:36PM | Send | 2817154343 | 1:40 | 4 | OK |
| 352 | 2/25/2010 | 7:03:21PM | Send | 7132233331 | 1:07 | 4 | OK |
| 353 | 2/25/2010 | 7:04:33PM | Send | 2818568399 | 1:50 | 4 | OK |

### JOE ALFRED IZEN, JR.
### IZEN & ASSOCIATES, P.C.
ATTORNEYS AT LAW

5222 SPRUCE STREET - BELLAIRE, TEXAS 77401
(713) 668-8815 Telephone / (713) 668-9402 Fax

TRANSMITTAL SHEET

DATE:   2-25-2010

TO:   Hon. Dan R. Beck                979-966-0799
      Waller County District Judge
      c/o Ms. Caroline Maosch
      Court Coordinator, 155th Court

      Ms. Patricia Spadachene         979-826-7738
      District Clerk

      Kyle R. Sears                   713-632-1729

      William O. Harger               281-715-4343

      Marcellous McZeal               713-223-3331 FAX

TELEPHONE NO.:

FACSIMILE NO.:

FROM:   Joe Alfred Izen, Jr.

MATTER:   Cause No. 08-12-19600; Andy Knott, Et Al, Plaintiffs,
          v. Richard D. Davis, LLP, A Nevada Limited Partnership,
          Et Al, Defendants; Pending Before the 155th Judicial
          District Court of Waller County, Texas;

          Thank You,
          Karen Cooley, Legal Assistant

NUMBER OF PAGES INCLUDING COVER SHEET:

NOTICE

This facsimile contains CONFIDENTIAL INFORMATION which also may be LEGALLY PRIVILEGED and which is
intended for the use of the Addressee(s) named above. If you are not the intended recipient of the
facsimile, or the employee or agent responsible for delivering it to the intended recipient, you
are hereby notified that any dissemination or copying of this facsimile is strictly prohibited.
If you have received this facsimile in error, please immediately notify us by telephone and
return the original facsimile to us at the above address via the Postal Service.

**WOJCIECHOWSKI & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
17447 KUYKENDAHL ROAD, SUITE 200
SPRING, TEXAS 77379
TELEPHONE: (281) 999-7774
TELECOPIER: (281) 999-1955

---

# FACSIMILE COVER PAGE

---

February 26, 2010

| | | |
|---|---|---|
| **TO:** | Joe Alfred Izen, Jr. | *713-668-9402* |
| | All Risks, Ltd. | *1-469-791-9247* |
| **FROM:** | Marc J. Wojciechowski | |

**REFERENCE:**

| | |
|---|---|
| **Insured:** | On Point Events, LP |
| **Claimants:** | David Horowitz, et al |
| **Policy No.:** | EO-835488 |
| **Claim No.:** | EO250821 |
| **Lawsuit:** | Cause No. 2008-57883, *David Horowitz, et al. v. On Point Holdings, LLC, et al.*, In the 129th Judicial District Court of Harris County, Texas. |

**W&A FILE NO:**   2315-060          **PAGES:**  _10_  (including Cover Sheet)

**ORIGINAL WILL FOLLOW:**  ___ YES  _X_ NO          **FAX OPERATOR:** M

**MESSAGE:**

---

NOTE:  THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.  THANK YOU.

C116000014

COPY OF PLEADING PROVIDED BY PLTD

CAUSE NO   201574639

Rec'd            105
16 JAN 04 AM 7:59

RECEIPT NO                0 00        MTA
         **********          TR # 73197652

PLAINTIFF  IZEN, JOE ALFRED
              vs
DEFENDANT  MARKEL

In The  270th
Judicial District Court
of Harris County, Texas
270TH DISTRICT COURT
Houston, TX

CITATION (INSURANCE COMMISSION CORPORATE)

THE STATE OF TEXAS
County of Harris

TO  MARKEL SERVICE INCORPORATED BY SERVING THE COMMISSIONER OF
INSURANCE 333 GUADALUPE STREET AUSTIN TEXAS 78701-3939
FORWARD

TEN  PARKWAY NORTH    DEERFIELD  IL  60015

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of December, 2015, in the above cited cause number
and court  The instrument attached describes the claim against you

    YOU HAVE BEEN SUED, You may employ an attorney  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10 00 a m  on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you

TO OFFICER SERVING
    This citation was issued on 16th day of December, 2015, under my hand and
seal of said Court

                                        Chris Daniel
Issued at request of                    CHRIS DANIEL, District Clerk
IZEN, JOE ALFRED JR                     Harris County, Texas
5222  SPRUCE ST                         201 Caroline, Houston, Texas 77002
BELLAIRE, TX  77401                     (P O  Box 4651, Houston, Texas 77210)
Tel  (713) 668-8815
Bar No   10443500                       Generated By  PEREZ, ANITA IOJ//10264327

OFFICER/AUTHORIZED PERSON RETURN

    Received on the  4  day of  Janery , 16 , at  7:59  o'clock  A  M , and

executed the same in  Travis  County, Texas, on the  5  day of  Janery , 16 , at

9:18  o'clock  A  M , by summoning the  Markel  Service Inc               ,

by delivering to  Commissioner of Insurance , in person _____

_____   by leaving in the principal office during office hours

_____  of the said

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

                                    By  _____
                                         Deputy/Authorized Person
_____           Contact Cpl Jesse Villalovos #105
         Affiant                        4717 Heflin Ln #127
                                        Austin, TX  78723
On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

                                        _____
                                                Notary Public

N INT INSC P                    *73197652*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

## CIVIL PROCESS REQUEST FORM

12/11/2015 11:12:02 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8210772
By: ANDERSON, SARAH A
Filed: 12/11/2015 11:12:02 PM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition _____

FILE DATE OF MOTION: December 11, 2015 _____
Month/       Day/       Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.   NAME: Evanston Insurance Company, an Illinois Corporation d/b/a Evanston Insurance Company _____

     ADDRESS: Ten Parkway North, Deerfield, Illinois, 60015 _____

     AGENT, (if applicable): Commissioner of Insurance, 333 Guadalpe Street, Austin, TX 78701-3939 _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Commissioner of Insurance _____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL
☐ PUBLICATION:
     Type of Publication:   ☐ COURTHOUSE DOOR,  or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
x ☐ OTHER, explain  PLEASE MAIL CITATIONS BACK TO ATTORNEY WHEN COMPLETED _____

ATTENTION: Effective June 1, 2010

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the
Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage
for mail back. Thanks you,

*******************************************************************************************************

2.   NAME: Markel Service, Incorporated _____

     ADDRESS: Ten Parkway North, Deerfield, Illinois, 60015 _____

     AGENT, (if applicable): Commissioner of Insurance, 333 Guadalpe Street, Austin, TX 78701-3939 _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Original Petition _____

SERVICE BY (check one):
☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL
☐ PUBLICATION:
     Type of Publication:   ☐ COURTHOUSE DOOR,  or
                            ☐ NEWSPAPER OF YOUR CHOICE: _____
X ☐
     OTHER, explain  PLEASE MAIL CITATIONS BACK TO ATTORNEY WHEN COMPLETED _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: __Joe Alfred Izen, Jr. _____   TEXAS BAR NO./ID NO.  10443500 _____

MAILING ADDRESS: 5222 Spruce Street, Bellaire, TX 77401 _____

PHONE NUMBER: 713-668-8815 _____   FAX NUMBER: 713-668-9402 _____

EMAIL ADDRESS: jizen@comcast.net and joeslowgo@hotmail.com _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

CH16000013

105

COPY OF PLEADING PROVIDED BY PLTD

CAUSE NO   201574639   RECEIVED

RECEIPT NO   16 JAN 04 AM 7 59   0 00   MTA
             **********                TR # 73197641

PLAINTIFF  IZEN, JOE ALFRED                         In the 270th
           vs                                       Judicial District Court
DEFENDANT  MARKEL                                   of Harris County, Texas
                                                    270TH DISTRICT COURT
                                                    Houston, TX

CITATION (INSURANCE COMMISSION CORPORATE)

THE STATE OF TEXAS
County of Harris

TO EVANSTON INSURANCE COMPANY (AN ILLINOIS CORPORATION) (D/B/A
   EVANSTON INSURANCE COMPANY) BY SERVING THE COMMISSIONER OF INSURANCE
   333 GUADALUPE STREET AUSTIN TEXAS 78701-3339
   FORWARD TO
   TEN PARKWAY NORTH   DEERFIELD IL 60015

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of December, 2015, in the above cited cause number
and court  The instrument attached describes the claim against you

   YOU HAVE BEEN SUED, You may employ an attorney  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10 00 a m  on the Monday
next following the expiration of 20 days after you were served this citation and petition, a
default judgment may be taken against you

TO OFFICER SERVING

   This citation was issued on 16th day of December, 2015, under my hand and
seal of said Court

Issued at request of
IZEN, JOE ALFRED JR                    CHRIS DANIEL, District Clerk
5222  SPRUCE ST                        Harris County, Texas
BELLAIRE, TX 77401                     201 Caroline, Houston, Texas 77002
Tel  (713) 668-8815                    (P O  Box 4651, Houston, Texas 77210)
Bar No  10443500
                                       Generated By  PEREZ, ANITA IOJ//10264327

OFFICER/AUTHORIZED PERSON RETURN

Received on the ___ day of _____, 16  at 7:59 o'clock A M , and
executed the same in _____ County, Texas, on the 5 day of _____, 16 , at
9:44 o'clock A M , by summoning the Evanson Insuranc Compa ,
by delivering to Commissioner E Provan , in person
a corporation <
            by leaving in the principal office during office hours

_____ of the said

a true copy of this notice, together with accompanying copy of

Serving _____ copy _____ $ _____

_____        By _____
        Affiant                        Constl Cpl Jesse Villalovos #105
                                       4717 Heflin Ln #127
On this day, Jesse Villalovos , known to me to be the person whose
signature appears on the foregoing return, personally appeared Austin, TX (721) being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____

                                       _____
                                       Notary Public

N INT INSC P                 *73197641*

1/27/2016 10:38:38 AM
Chris Daniel - District Clerk Harris County
Envelope No. 8811247
By: SASHA PRINCE
Filed: 1/27/2016 10:38:38 AM

### CAUSE NO.2015-74639

| | | |
|---|---|---|
| JOE ALFRED IZEN JR. AND ON POINT EVENTS, L.P., | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| EVANSTON INSURANCE COMPANY, AN ILLINOIS CORPORATION D/B/A EVANSTON INSURANCE COMPANY AND MARKEL SERVICE, INC., | § § § § | 270th JUDICIAL DISTRICT |
| *Defendants.* | § § | |

## DEFENDANTS EVANSTON INSURANCE COMPANY & MARKEL SERVICE, INC.'S ORIGINAL ANSWER

Defendants Evanston Insurance Company ("Evanston") and Markel Service, Inc. (collectively "Defendants"), file this Original Answer to Plaintiffs' Original Petition, and respectfully show as follows:

### I.
### GENERAL DENIAL

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each allegation in Plaintiffs' Original Petition, and demand strict proof of each by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Evanston Insurance Company and Markel Service, Inc. pray that upon final trial and hearing hereof, Plaintiffs recover nothing

2357252v1
03258.144

from Defendants, and Defendants recover costs of court, and such other and further relief, both

general and special, to which Defendants may be justly entitled

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Jamie R. Carsey*
      Jamie R. Carsey
      State Bar No.  24045620
      One Riverway, Suite 1400
      Houston, TX 77056
      Telephone:  (713) 403-8209
      Telecopy:  (713) 403-8299
      E-Mail: jcarsey@thompsoncoe.com

***COUNSEL FOR EVANSTON INSURANCE
COMPANY AND MARKEL SERVICE, INC.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of January, 2016, a true and correct copy of the foregoing was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure:

Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, TX 77401
Fax: (713) 668-9402
jizen@comcast.net

*/s/ Jamie R. Carsey*
JAMIE R. CARSEY

-2-